Chief Judge Desmond.
These four actions and one proceeding were brought by owners of rent-controlled New York City residential properties for a declaration of unconstitutionality of so much of the 1962 amendments (L. 1962, ch. 21) to the State Emergency Housing Bent Control Law (L. 1946, ch. 274, as amd.) as prohibits any increase in rents (unless a tenant consents) during the period from the effective date of the amendments (Feb. 17, 1962) until May 1, 1962. On that latter date the City of New York pursuant to the 1962 act takes over rent control *264 administration within its boundaries. The 1962 act transfers from the State to any city of 1,000,000 or more population (in other words, New York City) rent control in that city (§ 1, subd. 2), requires such city to establish its own rent agency to carry on such control after May 1,1962 (§ 1, subd. 4), authorizes the city to adopt local rent control laws and regulations effective after that date (§1, subd. 5) and as of that date transfers all rent control functions and duties from the State to the city agency (§1, subd. 6). The main attack of these suitors is against section 6 of the 1962 act which forbids any increase (absent voluntary written consent of a tenant) in regulated residential rents for the two and a half-month-period from February 17, 1962 to May 1, 1962. Subdivision 11 of section 1 explicitly provides for the continuance of processing by the new city agency of pending administration proceedings, and for the transfer of pending applications for that purpose.
Special Terms in New York and Kings Counties, holding that section 6 of the 1962 amendatory law was not violative of any constitutional rights of the owners, dismissed the four actions and one proceeding, respectively. The five owners took direct appeals to this court. Since these are direct appeals from the courts of original jurisdiction (Civ. Prac. Act, § 588, subd. 4), constitutional questions only may be presented and determined.
All five of the landlords take essentially the same position: that the February 17-May 1 freeze, added to previously mandated delays in ordering justified increases, makes the law as amended in 1962 unconstitutional as to them because, while continuing control over the rents, it ‘ ‘ retroactively ’ ’ suspends the operation of the machinery theretofore set up for providing reasonable rent adjustments. There is no question raised as to illegality of transfer of rent control from State to city.
There are different fact situations as to these several complainants. Plaintiff I. L. F. Y. Co. was the unsuccessful plaintiff in an earlier action against the State Commission, dismissal of which we affirmed last July (10 N Y 2d 263). In that suit I. L. F. Y. Co. was assailing April, 1961 amendments which postponed for a year commission action on the landlord’s application filed by it in February, 1961 for higher rents to be based on the price paid for the property by I. L. F. Y. Co. on a purchase completed a week earlier, and which 1961 law forbade *265 retroactivity for any such increase if and when granted. I. L. F. Y. Co. now alleges unconstitutionality of the added delay mandated by the 1962 law turning rent control over to the city. Present plaintiff 0 ’Brien, as to a property he had owned for many years, filed with the State authorities in July, 1961 an application for a rent increase calculated according to that part of the statute (Emergency Housing Rent Control Law [L. 1946, ch. 274, as amd.], § 4, subd. 4, par. [a], cl. [1]) which allowed the use of equalized tax assessment valuation as a rent base. Plaintiff Barget Realty Corporation, as the result of the 1962 statutory freeze above described, has been barred temporarily from getting action on an application which it based on expenditures it made for improvement and rehabilitation of its tenanted real property, which expenditures under the statute (§4, subd. 4, par. [a], els. [6], [7]) and the Administrator’s regulations would have justified upward adjustment of the rents. Plaintiff 425 Realty Associates and petitioner Eager are, like plaintiff I. L. F. Y. Co., faced with the 1962 law extension (until May 1, 1962, or later) of the one-year freeze legislated in 1961 as against rent increases based on recent sale prices of affected properties.
With our I. L. F. Y. Co. decision of last year (10 N Y 2d 263, supra) on the books, it would indeed be remarkable if we should hold the 1962 statutory freeze to be unconstitutional. Deferment is not the same as denial. Freezes and rollbacks of rent increases are, as we wrote in that earlier opinion, historically and constitutionally acceptable (see Teeval Co. v. Stern, 301 N. Y. 346, cert. den. 340 U. S. 876). The relatively short two and a half-month-hold-period ordered by the 1962 Legislature pending transfer of control to the city seems reasonably incidental to such a change-over. While the statute does not specify the reason for the short freeze, it is quite obvious that the suspension of the issuance of decisions on increase petitions was considered necessary for administration purposes — that is, to hold up increases until city control should begin to operate. Any such transfer necessarily produces some delays. It is, of course, presumed that the Legislature has investigated the situation and discovered a need for the requirement (I. L. F. Y. Co. v. Temporary State Housing Rent Comm., 10 N Y 2d 263, 269, supra, and cases cited). The 1962 act had been recom *266 mended by the Joint Legislative Committee to Study Rents and Rental Conditions. Although these landlords had processed their several applications to points where favorable action was imminent, they had no “ vested ” rights to increase orders or to continuation of the rules or formulae on which their applications had been based (I. L. F. Y. Co. opinion, supra, p. 270, and cases cited). The Legislature concluded that one necessary or desirable condition of the concededly valid State-to-city rent regulatory power transfer was that there be a breathing spell during which no increase orders should be entered. This was a new situation requiring new treatment. We see nothing unconstitutional about the method chosen by the Legislature.
Since May 1, 1962 has now passed, we assume that the city has enacted and put into effect a local law for rent control, but the provisions, whatever they may be, of that local law are not before us and we do not take account of them in any way in making the present decision. Nor do we make any decision as to whether the new local law can or does affect any existing rights of any of the present appellants.
The judgments and order appealed from should be affirmed, with costs.