Chief Judge Fuld.
Since, in our view, the Superintendent, in approving the increase in subscriber rates, acted neither in excess of his jurisdiction, in violation of lawful procedure nor in abuse of discretion or arbitrarily, the courts have no alternative but to confirm his determination (CPLR 7803).
On August 15,1969 the Superintendent of Insurance approved an increase, averaging 43.3%, in the rates which the respondent Associated Hospital Service of New York (AHS) could charge its community-rated Blue Cross subscribers. The petitioners, seeking to annul that determination, contend that the Superintendent was without power to grant any increase in excess of a temporary “ emergency ” one of 33% and that, in any event, his decision was arbitrary.
Under subdivision 2 of section 255 of the Insurance Law, AHS is required, when it seeks to increase its rates, to submit a proposed schedule to the Superintendent of Insurance for his approval. The statute provides that such approval may be *305 refused if the proposed rates are ‘' excessive.” [1] The petitioners do not argue that the proposed rates violate this standard but urge, instead, that a newly enacted amendment to section 2807 of the Public Health Law (L. 1969, ch. 957), coupled with section 254 of the Insurance Law, operates to limit the Superintendent, for the time being, to approval of a short term "emergency ” increase.
These statutory provisions relate, not to the rates charged to the subscribers, but to the schedule of payments which AHS makes to hospitals for the services they provide. Section 2807 of the Public Health Law requires that, after December 31,1969, such payments must be certified by the State Commissioner of Health as “ reasonably related to the costs of efficient production of such service ” and section 254 of the Insurance Law declares that they must be approved “ as to reasonableness ” by the Superintendent of Insurance. Despite the petitioners’ contentions, there is nothing in these sections which purports to limit or circumscribe the Superintendent’s power to approve schedules for subscriber rates pending the certification of hospital payments by the Health Commissioner. As the Superintendent noted in the course of his decision, “ [t]here is no required time sequence for regulatory approval of subscriber rates, on the one hand, and regulatory approval of hospital payment rates on the other.” The approval of hospital payment rates, as certified by the Commissioner of Health under section 2807 of the Public Health Law, and the determination of reasonableness of proposed subscriber rates under section 255 of the Insurance Law appear to be procedurally independent and there is nothing in the legislation to prevent the Superintendent from acting upon a proposal to increase subscriber rates even though the Commissioner has not yet certified the rates for hospital payments.
*306 Nor did the Superintendent abuse his discretion or act arbitrarily, as the petitioners insist, by approving (in August of 1969) an increase in AHS’s subscriber rates which was to remain in effect through December 31, 1970, before the cost to it of hospital services became definitively known. At the time the application was made—■ and this is conceded — AHS was faced with imminent statutory .insolvency and it did not appear that hospital payment schedules, under the new statutory formulation, would be available until some time in 1970. Under the circumstances, it was permissible, indeed essential, for the Superintendent to estimate such payments, basing his determination, as the record clearly demonstrates he did, upon reasonable cost projections. (Cf. People ex rel. Consolidated Water Co. v. Maltbie, 275 N. Y. 357, 368.) In fact, the only evidence adduced at the hearing relating to the cost projections adopted by the Superintendent was the testimony of the Deputy Commissioner of Health that such cost projections were, if anything, too conservative and too low. There is nothing in the record to support the inference—which the petitioners seek to have the court draw—that the implementation of the new system of computing hospital reimbursement rates (under amended section 2807) will result in such a significant change in AHS’s over-all costs during the period of the rate increase here at issue as to justify labeling the Superintendent’s determination arbitrary. Moreover, considering the expense and inconvenience—both to AHS and its subscribers ■—of a further rate change, it was entirely reasonable for the Superintendent to fix a rate that would be adequate for a 15-month period rather than the limited 4-month so-called “ emergency ” period proposed by the petitioners.
The order appealed from should be affirmed, without costs.

. Subdivision 2 of section 255 reads, in relevant part, as follows: “ No corporation subject to the provisions of this article shall enter into any contract with a subscriber unless and until it shall have filed with the superintendent of insurance a full schedule of the rates to be paid by the subscribers to such contracts and shall have obtained the superintendent’s approval thereof. The superintendent may refuse such approval if he finds that such rates are excessive, inadequate or unfairly discriminatory.”