■ DONALD RUBIN et al., Respondents, v THOMAS A. HARNETT, as Superintendent of Insurance of the State of New York, et al., Appellants; HEALTH INSURANCE PLAN OF GREATER NEW YORK, INC., Respondent-Intervenor-Appellant, and ABRAHAM D. BEAME, as Chairman of the Board of Estimate of the City of New York, Respondent.—Judgment, Supreme Court, New York County, entered February 28, 1977, granting petitioners final relief in an article 78 proceeding, is unanimously reversed, on the law, and vacated, and the petition is dismissed, without costs and without disbursements. Petitioners contend, and Special Term has held, that a 12% increase in rates charged to its subscribers by the Health Insurance Plan of Greater New York, Inc. (HIP), approved by the Superintendent of Insurance, pursuant to subdivision 2 of section 255 of the Insurance Law, is invalid because it required and did not have a certification by the Commissioner of Health of the State of New York, pursuant to section 2807 of the Public Health Law and subdivision 2 of section 254 of the Insurance Law, certifying that the proposed rate schedules for payments for hospital and health related services are reasonably related to the costs of efficient production of such services. However, in *Matter of Procaccino v Stewart* (25 NY2d 301, 305), the Court of Appeals declared that the requirements of section 2807 of the Public Health Law and section 254 of the Insurance Law as to a certificate from the Commissioner of Health do not "limit or circumscribe the Superintendent's power to approve schedules for *subscriber* rates pending the certification of *hospital* payments by the Health Commissioner." It is plain that the present case involves an increase of rates charged to the *subscribers* by HIP rather than the rates payable by HIP to the HIP groups which furnish the medical services. Accordingly, the Superintendent of Insurance may approve rates charged to *subscribers* by HIP even though the Commissioner of Health has not certified such rates under section 2807 of the Public Health Law and subdivision 2 of section 254 of the Insurance Law. Indeed, the Commissioner of Health has taken the position that he has no jurisdiction to make certifications with respect to rates charged to subscribers. At Special Term the argument focused on whether the HIP groups were "hospitals" within the meaning of subdivision 1 of section 2801 of the Public Health Law. Apparently the question of whether the requirement of certification applied to subscriber rates was not discussed at Special Term. But the issue was clearly presented at Special Term as to whether or not the present rate increases required certification by the Commissioner of Health and, therefore, the argument that that requirement does not apply to these rates because they are rates charged to subscribers is available on appeal. (Cf. *Persky v Bank of Amer. Nat. Assn.,* 261 NY 212, 217-219; *Matter of Knickerbocker Field Club v Site Selection Bd. of City of N. Y.,* 41 AD2d 539, 540.) Concur—Kupferman, J. P., Silverman, Evans and Capozzoli, JJ.