■ PEARCE, MAYER & GREER, INCORPORATED, Respondent, v DANIEL W. JOY, as Commissioner of Department of Rent and Housing Maintenance, Appellant.—Judgment, Supreme Court, New York County, entered October 31, 1977, vacating the order of the Commissioner of the Department of Rent and Housing Maintenance, unanimously reversed, on the law, and the order of the commissioner reinstated, with $60 costs and disbursements of this appeal to appellant. Pearce, Mayer & Greer, Incorporated, was interested in increasing the Maximum Base Rent (MBR) in residential premises owned by it in Bronx County, effective January 1, 1976. In order to qualify for this increase, the landlord would have to show that all rent-impairing violations, as well as 80% of all other violations, extant one year prior to the proposed effective rent-increase date, were corrected at least six months before the effective date of the rent increase (Administrative Code of City of New York, § Y51-5.0, subd H, par [6]). The statute, as applied to this case, required that 80% of the nonrent inpairments existing as of January 1, 1975 be corrected by July 1, 1975 in order for the landlord to be eligible for an MBR increase effective January 1, 1976. On January 1, 1975 there were nine non-rent-impairing violations on the premises. The landlord filed a form dated June 19, 1975 requesting a violation-removal repair agreement. In November, 1975 the landlord certified that 80% of the violations recorded on January 1, 1975 had been corrected; however, a subsequent inspection by the office of Code Enforcement showed that only four of the nine violations had been corrected. The rent increase was denied and the landlord protested. Ultimately, by August 25, 1976, a report revealed that all violations listed as of January 1, 1975 had been corrected. The commissioner issued an order on April 27, 1977 that the landlord was entitled to a rent increase effective March 1, 1977. This date was six months from the date that the violations were noted to be corrected. The landlord instituted an article 78 proceeding to overturn the commissioner's order. Special Term found that the landlord had substantially complied with the 80% repair requirements and that the ruling was arbitrary and capricious. He therefore vacated the commissioner's order and remanded the matter for further proceedings. We would reverse the determination of Special Term. The documents in the record before this court demonstrate that 80% of the violations were not corrected

as of July 1, 1975, six months before the proposed rent increase. Certification filed by the landlord indicating the contrary was shown by subsequent inspection to be in error. Furthermore, the landlord was granted an increase as soon as an inspection revealed compliance with the repair requirements. The ruling of the commissioner was based on fact and not arbitrarily reached and must therefore be sustained. We note parenthetically that even if the landlord's claim of clearing seven of the nine violations were to be given credence, the landlord would still not have repaired 80% of the violations. We cannot take the position that substantial compliance rather than strict adherence to the 80% rule is sufficient. If we accept that percentage of compliance most closely approximating the 80% statutory requirement, we will have effectively established the lower amount as the standard. This lower amount would again be subject to reduction by a compliance rate closely approximating the new standard and so on, ad infinitum. The 80% rule is in itself a "substantial-compliance" rule which should not be further reduced by judicial interpretation. Concur—Evans, J. P., Fein, Lane, Markewich and Sandler, JJ. [91 Misc 2d 573.]