■ In the Matter of 304 WEST 89TH STREET REALTY CORP., Respondent, v DANIEL W. JOY, as Commissioner of Department of Rent and Housing Maintenance for the City of New York, Appellant.—Judgment, Supreme Court, New York County, entered July 20, 1978, vacating in a CPLR article 78 proceeding an order of the Commissioner of the Department of Rent and Housing Maintenance denying maximum base rent (MBR) increases, unanimously reversed, on the law, without costs, the petition is dismissed, and the order of the commissioner is reinstated. In an effort to qualify for 1976-1977 MBR increases (Administrative Code of City of New York, § Y51-5.0, subd h, par [6]) petitioner landlord filed a violation removal repair agreement on February 12, 1976 certifying that all rent impairing violations and 80% of all other violations of record as of July 1, 1975 had been "cleared, corrected or abated." The agreement provided that compliance "may be determined by the District Rent Offices based on Office of Code Enforcement inspection reports." Inspections on October 29 and November 8, 1976 disclosed that 5 of 24 nonrent impairing violations remain uncorrected. Petitioner protested. A *de novo* review of the entire matter resulted in a final order and opinion dated December 28, 1977 denying the protest. Petitioner commenced this CPLR article 78 proceeding to review the commissioner's order. Special Term held that petitioner by correcting 19 of the 24 nonrent impairing violations (79.16%) had substantially complied with the 80% requirement. However this court has explicitly held in a case presenting the identical issue that "substantial compliance" is not sufficient, the 80% rule itself representing a substantial compliance rule which should not be further eroded by judicial interpretation *(Pearce, Mayer & Greer v Joy,* 63 AD2d 928, affd 48 NY2d 680). Special Term held alternatively that the refusal of

the commissioner to waive two violations, described as recurring in the inspector's report, was arbitrary and capricious. Although the record might have supported a different finding by the commissioner, we do not agree with Special Term that the commissioner's conclusion that the two violations had not been corrected or that the work done was defective can be appropriately classified as arbitrary. Nor do we perceive any violation of the commissioner's guidelines for discretionary waiver of certain violations. We have considered the other contentions raised and find them to be without merit. Concur—Kupferman, J. P., Sandler, Sullivan, Lane and Lupiano, JJ.