■ In the Matter of BARKLEE REALTY COMPANY, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—Judgment, Supreme Court, New York County (Stanley Parness, J.), entered October 18, 1988, which denied and dismissed the CPLR article 78 petition, unanimously affirmed, without costs.

Petitioner landlord commenced this proceeding to review a denial by respondent of its petition for administrative review of the denial of petitioner's application for a maximum base rent (MBR) increase for the 1984-1985 period. An owner seeking such an increase is required to certify that at least 80% of all non-rent-impairing violations recorded against the property for a period of one year prior to the effective date of the increase sought had been cleared, corrected or abated as of six months prior to the date of filing of its application (Administrative Code of City of New York § 26-405 [h] [6]; *Pearce, Mayer & Greer v Joy*, 63 AD2d 928, *affd* 48 NY2d 680). The District Rent Administrator therefore found that it was necessary for petitioner to remove 57 of the 71 non-rent-impairing violations of record in the building in order to qualify for an MBR increase, but determined that only 45 (less than 80%) had been removed, based upon the evidence contained in the agency's violation status report of November 15, 1985. Accordingly, the agency denied the application for an increase. A petition for administrative review resulted in an affirmance of the denial. The court denied and dismissed the article 78 petition challenging this administrative action, finding the determination to be neither arbitrary nor capricious. We agree.

In reviewing the finding of an administrative agency, the construction placed on the statute and implementing regulations by an agency is entitled to great weight and is to be upheld if reasonable *(Matter of Johnson v Joy,* 48 NY2d 689). Nor may a court substitute its judgment for that of the administrative agency *(Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.,* 112 AD2d 72, *affd on opn below* 66 NY2d 1032). Where the factual determinations are neither arbitrary nor capricious, nor an abuse of discretion, they must be upheld *(Matter of Colton v Berman,* 21 NY2d 322).

The procedure utilized by respondent is proper and has been upheld by the courts *(Pearce, Mayer & Greer v Joy, supra)*. The procedure of utilizing computerized records is customary. Petitioner was on notice of outstanding violations. Further, two inspections were made of the premises, the second of

which was conducted in the physical presence of petitioner. The court properly rejected the argument that only substantial compliance with the 80% correction rule was sufficient, since the law requires strict adherence to the rule *(Pearce, Mayer & Greer v Joy, supra).* Nor was the denial of waivers unreasonable since waivers are as a matter of administrative discretion exercised in conformity with published guidelines which were adhered to herein *(Matter of 304 W. 89th St. Realty Corp. v Joy,* 72 AD2d 535). Finally, rent control laws have been ruled constitutional and there is no showing that the application of these laws violated petitioner's right to equal protection or due process *(see, I. L. F. Y. Co. v Temporary State Hous. Rent Commn.,* 11 NY2d 259). Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ.