OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Only a narrow question of statutory interpretation is presented: whether defendants City of New York and the Triborough Bridge and Tunnel Authority (TBTA), a public authority created by the provisions of the Public Authorities Law and with the powers specified therein (Public Authorities Law § 525 et seq.) may sell real property to defendant Boston Properties without adhering to the competitive bidding requirements contained in section 384 of the New York City Charter.
The property was purchased by TBTA in 1953 as part of a larger urban renewal project undertaken by the City. It paid the appraised price of $2.1 million to the City and developed the property in accordance with the City’s urban renewal plan by building the New York Coliseum at Columbus Circle. After the development of the Javits Convention Center, however, TBTA could not economically maintain the Coliseum and now chooses to sell it.
*964 The Public Authorities Law, under which the 1953 conveyance to the TBTA was accomplished, authorizes the City to convey any lands owned by the City, with or without consideration, to the TBTA by deed "for so long as [TBTA’s] corporate existence shall continue” (Public Authorities Law § 557-a [3]). The statute also authorizes TBTA to acquire property by purchase, in the name of the City, and "use the same so long as its corporate existence shall continue” (Public Authorities Law § 553 [4]). When the property is no longer necessary for its corporate purposes, TBTA may surrender the property to the City (Public Authorities Law § 553 [4-a] [a]) or sell or convey the property "acquired by the city at the expense of the authority” (Public Authorities Law § 553 [4-a] [b]). Inasmuch as TBTA acquired the property in question at its own expense, the statute authorizes it to sell it and no provision of law requires TBTA to seek competitive bids (see, Matter of New York Post Corp. v Moses, 10 NY2d 199, 205).
Plaintiff argues that the property is owned by the City, to be held by TBTA only during its corporate existence with a reversion thereafter to the City. TBTA, having paid for the property, however, may convey the property to a third party and the conveyance includes both its interest and the City’s statutory contingent reversionary interest conveyed by TBTA "in behalf of [the] city” (Public Authorities Law § 553 [4-a] [b]).
In view of this disposition, we need not address plaintiffs contention that the property is not exempt from the Charter’s competitive bidding requirements by the Urban Renewal Law (General Municipal Law § 500 et seq.).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.