■ In the Matter of MARTHA MELOHN, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent, and SIMON HEIFETZ, Individually and as Tenant Representative of 100 Riverside Drive Tenants Committee, Intervenor-Respondent.—Order and judgment (one paper), Su-

preme Court, New York County (Kristin Booth Glen, J.), entered October 9, 1991, which, in a proceeding pursuant to CPLR article 78 to annul respondent agency's denial of petitioner's application for an increase in maximum base rents, granted respondent-intervenor tenants committee's motion to dismiss in point of law, unanimously affirmed, without costs.

The validity of respondent agency's requirement that an owner seeking a maximum base rent (MBR) increase must certify that at least 80% of all non-rent-impairing violations recorded against the property have been corrected (Administrative Code of City of NY § 26-405 [h] [6]) is settled (see, *Matter of Barklee Realty Co. v New York State Div. of Hous. & Community Renewal,* 159 AD2d 416, *appeal dismissed* 76 NY2d 844, *lv denied* 76 NY2d 709). And since petitioner failed to controvert a tenant's assertion that certain defects in the latter's apartment remained uncorrected at the time of the MBR application, no issue was raised as to whether respondent agency's factual determination under this certification procedure was arbitrary and capricious. Petitioner also argues that she did everything possible to terminate the unlawful professional use of three other apartments, but since she originally chose to rent the apartments to professional tenants in violation of the building's certificate of occupancy, respondent's refusal to waive these violations was not an abuse of discretion. We have considered petitioner's remaining contentions and find them to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.