OPINION OF THE COURT
John G. Connor, J.
Petitioner seeks a judgment pursuant to CPLR article 78 (1) vacating and setting aside respondents’ determination of June *335 11, 1998 which denied petitioner the privilege of participating in the Family Reunion Program, (2) directing respondents to produce all records and reports that show petitioner refused to participate in an Alcohol/Substance Abuse Treatment (hereinafter ASAT) Program, (3) directing respondents to remove petitioner’s name from the program needed list for ASAT, and (4) expunging records that petitioner willfully refused to participate in an ASAT Program. Respondents failed to submit opposition to the instant article 78 proceeding.
The court must examine whether respondents’ determination was arbitrary and capricious; an arbitrary and capricious determination is one which is contrary to the Constitution, contrary to law, without legal authority, or outside the scope of a statute. (See, 6 NY Jur 2d, Article 78 and Related Proceedings, §§ 52-54.) The test of whether respondents’ determination is arbitrary and capricious is whether the determination is without rational basis. (See generally, Matter of Pell v Board of Educ., 34 NY2d 222 [1974]; Matter of Fink v Cole, 1 NY2d 48 [1956].) The court will not substitute its judgment for that of an administrative agency or officer. (See, Matter of Barklee Realty Co. v New York State Div. of Hous. & Community Renewal, 159 AD2d 416 [1st Dept 1990]; Matter of Procaccino v Stewart, 32 AD2d 486 [1st Dept 1969], affd 25 NY2d 301.) The court must accept the decision of a public officer or body if it acts within the law and in a rational way. (See, Matter of Mouakad v Ross, 274 App Div 74 [1st Dept 1948], lv granted 274 App Div 877, appeal dismissed 298 NY 922.)
Petitioner was denied participation in the Family Reunion Program for failure to complete an ASAT Program. Part 220 of the Department of Correctional Services regulations (7 NYCRR) governs participation in the Family Reunion Program. Specifically, the regulations set forth as prerequisites the following:
“(3) Program participation. The inmate has participated in programs that address his/her academic and vocational needs, as well as issues related to his/her instant offense and overall history. The program recommendations of the inmate’s correction counselor will be considered in making this assessment:
“(i) if, based on the inmate’s history, a particular course or vocational training programs [sic] has been recommended, the inmate will be expected to be participating in such program;
“(ii) if a formalized therapeutic program has been recommended to address a particular issue related to the inmate’s instant offense or overall history, the inmate’s participation will be required;
*336 “(in) if there is a waiting list for a recommended course or program, the inmate should sign up immediately and remain active on that list. Depending on the inmate’s particular history, however, active participation or actual program completion may be required to satisfy this pre-condition.” (7 NYCRR 220.2 [a] [3] [i]-[iii].)
Respondents removed petitioner from the Family Reunion Program for failing to complete the recommended ASAT Program.
Petitioner contends that he was precluded from participating in the recommended ASAT Program because he only speaks and understands Spanish, and the facility did not provide a translator or offer a bilingual program. The record reflects that respondents denied petitioner’s request to participate in the Family Reunion Program despite the fact that they knew petitioner neither spoke nor understood English, and was for that reason, unable to complete the ASAT Program. The evidence presented supports petitioner’s assertion that he did not refuse to enroll in the ASAT Program.
Since respondents failed to provide Petitioner with a translator or make other accommodations for petitioner to participate in the ASAT Program, the court finds respondents’ decision to deny petitioner’s participation in the Family Reunion Program to be arbitrary, capricious and irrational. It would be fundamentally unfair to allow respondents to make petitioner’s enrollment in an ASAT Program a condition precedent when respondents admittedly failed to provide petitioner with either an opportunity to participate in a bilingual ASAT Program or a translator for the existing program.
By reason of the foregoing, respondents’ determination to deny petitioner participation in the Family Reunion Program is reversed and any reference to petitioner refusing to participate in the ASAT Program shall be expunged from petitioner’s records. In the event respondents determine that petitioner’s participation in an ASAT Program is a prerequisite to his enrollment in the Family Reunion Program pursuant to 7 NYCRR 220.2 (a) (3), then respondents shall either provide petitioner access to a translator, a bilingual program, or some other reasonable accommodation to enable the Spanish-speaking petitioner to participate in and understand the program. The court hereby denies petitioner’s request to remove his name from the list of those inmates in need of ASAT.