■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY FERGUSON, Appellant. [722 NYS2d 869] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered November 12, 1996, convicting defendant, after a

jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292). While excluding prior bad acts, the court properly exercised its discretion in permitting inquiry into the underlying facts of one of defendant's prior drug convictions. These underlying facts were not strikingly similar to the facts of the instant case and could not have caused undue prejudice.

Defendant's ineffective assistance claim involves a matter of trial strategy that would require a motion pursuant to CPL 440.10 in order to further develop the record (*see, People v Rivera*, 71 NY2d 705, 709). To the extent the existing record permits review, it establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks were fair responses to defendant's summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Williams, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.