Matter of Bonilla v Goord (2004 NY Slip Op 50442(U))

[*1]

Matter of Bonilla v Goord

2004 NY Slip Op 50442(U)

Decided on May 26, 2004

Supreme Court, Albany County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 26, 2004

Supreme Court, Albany County

 IN THE MATTER OF THE APPLICATION OF EDWIN BONILLA, Petitioner, For a 
 Judgment Pursuant to Article 78
against
GLENN S. GOORD, COMMISSIONER OF THE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent.
7646-03

Petitioner: Edwin Bonilla, Pro Se
Respondent: Eliot Spitzer, Attorney General of the State of New York by Nelson Sheingold, Assistant Attorney General

John G. Connor, J.
Petitioner brings the instant Article 78 proceeding challenging a decision of Respondent's Central Office Review Committee which denied his grievance and precluded Petitioner from possessing two audio units on the grounds that the same was arbitrary and capricious. Respondent's Answer raises objections in point of law that (1) the Petition is barred by the applicable statute of limitations and (2) the Petition fails to state a cause of action.
The Court must examine whether Respondent's act was arbitrary and capricious; an arbitrary and capricious act is one which is contrary to the constitution, contrary to law, without legal authority, or outside the scope of a statute. See, 5 N.Y. Jur.2d, Article 78 §32. The test of whether Respondent's act or omission is arbitrary and capricious is whether the act or [*2]omission is without rational basis. See generally, Pell v. Board of Education, 34 N.Y.2d 222 (1974); Fink v. Cole, 1 N.Y.2d 48 (1956). The Court will not substitute its judgment for that of an administrative agency or officer. See, Matter of Barklee v. New York State Division of Housing and Community Renewal, 159 A.D.2d 416 (1st Dept. 1990); Procaccino v. Stewart, 32 A.D.2d 486 (1st Dept. 1969), affd. 25 N.Y.2d 301. The Court must accept the decision of a public officer or body if it acts within the law and in a rational way. See, Mouakad v. Ross, 274 A.D. 74 (1st Dept. 1948), app. gr. 274 A.D. 877, app. dis. 298 N.Y. 922.
Here Respondent seeks to enforce Directive Number 4920 which was originally promulgated July 21, 1997 and amended December 16, 1998. Directive 4920, as amended, provides that an inmate may possess only one audio unit. Directive 4920 previously authorized inmates to either purchase two separate audio units or one combination unit. An audio unit is defined as a transistor radio, headphone-radio, tape player or radio/tape player combination. The size of the audio unit is limited to 8" x 14". However, the new Directive provides that units received prior to August 2, 1991 that are larger than 8" x 14" may be retained by the original owners. A violation of Directive 4920 will result in a loss of privileges.
Petitioner has been incarcerated in Sullivan Correctional Facility since 1983. Petitioner alleges that in accordance with the original Directive 4920 he purchased a transistor radio and a cassette player through the prison commissary in 1983. It was not until 2003 that the officials at Sullivan Correctional Facility decided to enforce Directive 4920 as amended. By letter dated July 16, 2003 Respondent informed each inmate that they shall dispose of any excess audio units on or before January 1, 2004. Petitioner alleges that Respondent's demand creates undue hardship on those inmates who purchased their audio units prior to the amendment of Directive 4920 and who cannot now afford to purchase a new combination audio unit from the commissary. Petitioner argues that the amendment to Directive 4920 serves no legitimate penological objective. Petitioner requested that Respondent consider "grandfathering" those inmates who purchased audio units prior to the amendment of Directive 4920. The Inmate Grievance Resolution Committee recommended that inmates comply with the new Directive, except that those inmates with excess audio units purchased before the effective date of the amendment should only be required to dispose of the excess audio units through attrition.
The Court finds that Respondent's objections in point of law are without merit. Respondent contends that Petitioner is effectively challenging the amendment of Directive 4920 dated December 16, 1998. Respondent argues that the instant proceeding should have, therefore, been commenced within four months of the effective date of the amendment to Directive 4920. Here Petitioner filed a grievance and exhausted his administrative remedies by appealing the same through the inmate grievance procedure. The Central Office Review Committee did not issue a decision until September 17, 2003 and the instant Article 78 proceeding was, therefore, timely.
Although the Court recognizes the need to regulate items of personal property that might pose a safety or security risk in the correctional facility, Respondent has not articulated any reason whatsoever why Petitioner can no longer possess the tape player and transistor radio that he purchased from the Sullivan Correctional Facility commissary in 1983. Nor has Respondent explained why the policy set forth in the amendment to Directive 4920 was not enforced until January 1, 2004. Furthermore, the Court notes that Directive 4920 provides an exception for [*3]inmates who acquired oversized audio units, prior to the amendment, and allows those inmates to retain those oversized audio units even though they are now prohibited. Notwithstanding the aforesaid, Respondent refuses to provide a parallel provision for those inmates that did not have either the financial capacity or foresight to purchase a combination audio unit rather than a separate radio and tape player, prior to the amendment.
Accordingly, Respondent has no rational basis for denying Petitioner the right to retain the two audio units that he has possessed since 1983. Upon the failure of either of said audio units, Petitioner will have to comply with the new Directive. Under the present circumstances Respondent has not articulated one reason why the continued possession of two audio units by Petitioner, until one of the units may be eliminated through attrition, poses a security or safety risk to the Petitioner or the facility. The Court finds that the denial of Petitioner's grievance was arbitrary and capricious, and without a rational basis.
By reason of the foregoing, the Court hereby orders that Petitioner be allowed to possess the two audio units purchased before the effective date of the amendment to Directive 4920 until the excess audio unit may be eliminated through attrition. The aforesaid opinion constitutes the decision and order of this Court. All papers shall be forwarded to the Office of the Attorney General for filing and service. The signing of this decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that section relative to filing, entry and notice of entry.
SO ORDERED.
Dated: May ,2004
Hudson, New York
-
JOHN G. CONNOR
Justice of the Supreme Court
Papers Considered: Order to Show Cause; Verified Petition of Edwin Bonilla with Exhibits annexed; Affidavit of Service; Verified Answer with Exhibits annexed; Affirmation of Nelson Sheingold, Esq.