383 F.3d 45
 SENECA NATION OF INDIANS, Plaintiff-Appellant,
Tonawanda Band of Seneca Indians, United States of America, Plaintiffs-Intervenors-Appellants,
v.
The State of NEW YORK, New York Thruway Authority, John R. Platt, Executive Director, New York Thruway Authority, Defendants-Appellees,
Moore Business Forms Corp., individually and as a representative of a class of landowners similarly situated, Defendant-Appellee-Cross-Appellant,
George E. Pataki, Governor, State of New York, Bernadette Castro, Commissioner, Parks, Recreation and Historic Preservation, Ronald W. Coan, Director, Erie County Industrial Development Agency, John Cahill, Commissioner, New York Department of Environmental Conservation, Joseph Boardman, Commissioner, New York Department of Transportation, Erie County, Individually and as a representative of a class of landowners, Moore Business Forms, Individually and as a representative of a class of landowners similarly situated, Indicom, Inc., Individually and as a representative of a class of landowners similarly Situated, Rado-Mart Holdings, U.S., Inc., Individually and as a representative of a class of landowners similarly situated, Ilona H. Lang, Individually and as representative of a class of landowners similarly situated, Robert W. Weaver, Individually and as a representative of a class of landowners similarly situated, Francis B. Pritchard, Individually and as a representative of a class of landowners similarly situated, Defendants.
 Docket No. 02-6185(L).
 Docket No. 02-6195(XAP).
 Docket No. 02-6197(C).
 Docket No. 02-6213(C).
 United States Court of Appeals, Second Circuit.
 Argued: October 20, 2003.
 Decided: September 9, 2004.
 
 Appeal from the United States District Court for the Western District of New York, Richard J., Arcara, J.
 
 
 1
 Jeanne S. Whiteing, Whiteing & Smith, Boulder, CO, and Arlinda F. Locklear, Jefferson, MD (Steven M. Tullberg, Alexandra C. Page, Indian Law Resource Center, Washington, DC, on the brief), for Plaintiff-Appellant Seneca Nation of Indians and Plaintiff-Intervenor-Appellant Tonawanda Band of Seneca Indians.
 
 
 2
 Samuel C. Alexander (William Lazarus, Ellen Durkee, on the brief), Environment & Natural Resources Division (Thomas L. Sansonetti, Assistant Attorney General, on the brief), United States Department of Justice (Mary Anne Kenworthy, Office of the Solicitor, Department of the Interior, on the brief), Washington, DC, for Plaintiff-Intervenor-Appellant United States.
 
 
 3
 Peter B. Sullivan, Assistant Attorney General (Eliot Spitzer, Attorney General, Caitlin J. Halligan, Solicitor General, Peter H. Schiff, Senior Counsel, Andrew D. Bing, Assistant Solicitor General, on the brief), State of New York (Frederick A. Wolf, Erie County Attorney, Frederick G. Attea, Assistant County Attorney, Buffalo, NY; Michael B. Powers, Phillips, Lytle, Hitchock, Blaine & Huber, on the brief), Buffalo, NY, for Defendants-Appellees.
 
 
 4
 Gus P. Coldebella (Anthony M. Feeherry, P.C., Andrea L. Studley, Mark S. Puzella, Brett C. Gerry, on the brief), Goodwin Proctor LLP, Boston, MA, for Defendant-Appellee-Cross-Appellant.
 
 
 5
 Before: OAKES, MESKILL, B.D. PARKER, Circuit Judges.
 
 
 6
 PER CURIAM.
 
 
 7
 Plaintiff Seneca Nation of Indians (the "Senecas") appeal an Order of the United States District Court for the Western District of New York (Richard J. Arcara, Judge) dismissing on sovereign immunity grounds their suit to invalidate an easement through the Cattaraugus Reservation granted by them in 1954 to the State of New York acting through the New York State Thruway Authority.[1] The District Court adopted the finding of Magistrate Judge Carol E. Heckman that the State of New York was an absent and indispensable party under Rule 19 of the Federal Rules of Civil Procedure, and that the action was thus barred by sovereign immunity. We agree.
 
 
 8
 In 1946 the New York Department of Public Works (DPW) began negotiations with the Senecas concerning an easement for a state highway through their Cattaraugus Reservation. In 1950 New York State created the New York Thruway Authority (Thruway). In 1954, agreement was reached and an indenture was entered into between "THE SENECA NATION OF INDIANS" and "THE PEOPLE OF THE STATE OF NEW YORK, acting by and through the new York State Thruway Authority," by which the Senecas granted a "PERMANENT EASEMENT for Thruway purposes" over the lands of the reservation. The Seneca Nation was paid $75,000, and individual Indian landowners were separately compensated.
 
 
 9
 In 1993 the Senecas sued in the United States District Court for the Western District of New York alleging, inter alia, that the easement was void because it was not ratified by the federal government and thus violated the Indian Trade and Intercourse Act (commonly called the "Non-Intercourse Act"), codified at 25 U.S.C. § 177. The case was referred to Magistrate Judge Heckman, whose finding that the State of New York was both necessary and indispensable, and immune from suit, was adopted by Judge Arcara.[2] The Court found that the transaction "clearly convey[ed] the easement to the State," and that under Rule 19(b) the action could not proceed against the Thruway Authority and its executive director in the State's absence. See Fed.R.Civ.P. 19(b). On appeal, the Senecas do not contest that the State of New York enjoys sovereign immunity, but only that the action against the Thruway Authority can, and should, proceed without the State under Rule 19. See Mancuso v. N.Y. State Thruway Auth., 86 F.3d 289, 296 (2d Cir.1996) (Thruway Authority not entitled to Eleventh Amendment immunity).
 
 
 10
 We review dismissals under Rule 19(b) for abuse of discretion, except that we review legal determinations on which a Rule 19(b) decision may be based de novo. See Universal Reinsurance Co., Ltd. v. St. Paul Fire and Marine Ins. Co., 312 F.3d 82, 87 (2d Cir.2002). We find that the District Court's legal determination that the State of New York owns the easement is correct. As noted, the easement was granted to "THE PEOPLE OF THE STATE OF NEW YORK, acting by and through the New York State Thruway Authority." The section of the New York Public Authorities Law that sets out the powers of the Thruway Authority empowers it, in relevant part:
 
 
 11
 3. To acquire, hold and dispose of personal property for its corporate purposes;
 
 
 12
 4. To acquire and hold in the name of the state by purchase or appropriation real property or rights or easements therein and to sell, exchange, or otherwise dispose of any real property not necessary for its corporate purposes or whenever the board shall determine that it is in the interest of the authority....
 
 
 13
 N.Y. Pub. Auth. L. § 354 (emphasis added). These provisions accord different institutional ownership to personal and real property acquired for the Thruway Authority's use, and indicate that the easement's reference to the "People of the State of New York" was meant to reflect that the State owned the easement. Other provisions of the Public Authorities Law are consistent, uniformly providing that real property is to be obtained by the Thruway "in the name of the state."[3] See N.Y. Pub. Auth. L. §§ 357, 358, 358-a. The fact that the easement is not listed in the inventory of state-owned land maintained by the New York General Services Office pursuant to New York Public Lands § 1(b) is of little probative value in establishing that the Thruway Authority, and not the State, is its legal owner when, as here, the official document establishing the property interest is clear. Thus, the Magistrate Judge was correct in concluding that the State of New York, rather than the Thruway Authority, owned the Cattaraugus easement, and that, as a result, the State had an "interest relating to the subject of the action and [was] so situated that the disposition of the action in [its] absence may ... as a practical matter [have] impair[ed] or impede[d][its] ability to protect that interest." Fed. R. Civ.P. 19(a)(2)(i).
 
 
 14
 Having determined that the State was a necessary party under Rule 19(a), the Magistrate proceeded to examine whether the State was indispensable under Rule 19(b), concluding correctly that it was. As noted, we review this determination for abuse of discretion. See Universal Reinsurance Co., Ltd., 312 F.3d at 87. Rule 19(b) identifies four factors to be considered in determining "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b). These factors include:
 
 
 15
 [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the persons' absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."
 
 
 16
 Id. Invoking these factors, the Magistrate Judge concluded that, "in equity and good conscience," the action should be dismissed. She noted that a judgment for the Senecas "would undeniably prejudice the State's governmental interest in securing and protecting property rights acquired on behalf of the people of the state," and that relief could not be shaped so as to lessen this prejudice. Further, she noted that a judgment in the absence of the State as a party to adjudication would be "meaningless." Finally, she acknowledged that the Senecas would be left without "an adequate remedy if the Thruway easement claim is dismissed for nonjoinder," but concluded that "this factor is outweighed by the `paramount importance' to be accorded to the State's immunity from suit." Recommendation of Magistrate Judge at 21 (citing Fluent v. Salamanca Indian Lease Authority, 928 F.2d 542, 548 (2d Cir.1991)). We find no abuse of discretion in this analysis, particularly in light of the significance sovereign immunity plays in weighing the Rule 19(b) factors. See Fluent, 928 F.2d at 548. Accordingly, we affirm the District Court's dismissal on sovereign immunity grounds.
 
 
 17
 We have considered all of Appellants' remaining arguments and find them to be without merit. The judgment of the District Court is AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 This action is part of a consolidated action brought by the Senecas to invalidate both the easement at issue (the "Thruway claim") as well as the conveyance in 1815 of the Niagara River islands to the State of New York (the "Islands claim"), on the ground that they violated the Indian Trade and Intercourse Act (commonly called the "Non-Intercourse Act")See 25 U.S.C. § 177. The United States and the Tonawanda Band of Seneca Indians, as intervenors in the islands claim, and Defendant-Appellee-Cross-Appellant Moore Business Forms, are not parties to the Thruway claim. We will dispose of the Islands claim in a separate opinion in due course.
 
 
 [2]
 Judge Arcara declined to adopt Magistrate Judge Heckman's findings that the transaction did not violate the Non-Intercourse Act and that the Non-Intercourse Act's requirements were not lifted by subsequent legislation, and declined to address Defendants' argument that the Senecas ratified the agreement by their subsequent acts. Accordingly, the parties did not brief — and we do not reach — these issues
 
 
 [3]
 The Senecas' reliance onJo & Wo Realty Corp. v. City of New York, 76 N.Y.2d 962, 563 N.Y.S.2d 727, 565 N.E.2d 476 (1990), for the opposite conclusion is misplaced. There, the Court of Appeals suggested that statutory language authorizing the Triborough Bridge and Tunnel Authority to "acquire land by purchase, in the name of the city" merely left the city with a "contingent reversionary interest" in property purchased by the Authority. Id. at 964, 563 N.Y.S.2d 727, 565 N.E.2d 476. However, the Court did not expressly rule on the matter. Instead, it ruled that the statutory provisions authorizing the Authority to sell land "acquired by the city at the expense of the authority" empowered the Authority to sell both its own interest and that of the city — whatever their nature — without being subject to the city's competitive bidding requirements. Id.