Matter of AAG Mgt., Inc. v New York State Urban Dev. Corp. (2024 NY Slip Op 06148)

Matter of AAG Mgt., Inc. v New York State Urban Dev. Corp.

2024 NY Slip Op 06148

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 159184/22 Appeal No. 3208 Case No. 2023-06099 

[*1]In the Matter of AAG Management, Inc., et al., Petitioners-Appellants,
v
New York State Urban Development Corporation Doing Business as Empire State Development, Respondent-Respondent, New York State Public Authorities Control Board, Respondent, Vornado Realty Trust, Intervenor-Respondent. National Trust for Historic Preservation in the United States, the New York Landmarks Conservancy, The Preservations League of New York State, The Historic Districts Council and The Penn Community Defense Fund, Amici Curiae.

Emery Celli Brinckerhoff Abady Ward & Maazel LLP, New York (Richard D. Emery of counsel), for appellants.
Bryan Cave Leighton Paisner LLP, New York (Philip E. Karmel of counsel), for New York State Urban Development Corporation, respondent.
Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Emilie B. Cooper of counsel), for Vornado Realty Trust, respondent.
John J. Kerr, Jr., New York, for Amici Curiae.

Order and judgment (one paper), Supreme Court, New York County (Lucy Billings, J.), entered September 19, 2023, which, to the extent appealed from as limited by the briefs, denied the petition to annul the July 21, 2022 decision of respondent New York State Urban Development Corporation d/b/a Empire State Development (ESD) to approve a modified general project plan (GPP) as arbitrary and capricious and seeking an order declaring that ESD's approval violated the Urban Development Corporation Act (UDCA), and dismissed this hybrid proceeding brought pursuant to CPLR articles 30 and 78, and bringing up for review two orders, same court and Justice, entered September 6, 2023, which denied petitioners' motions to supplement the record, unanimously affirmed, without costs.
Supreme Court properly denied the motions to supplement the record, as all but one proffered exhibit post-date ESD's determination (see Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000] ["judicial review of administrative determinations is confined to the facts and record adduced before the agency"] [internal quotation marks and brackets omitted]). As to the remaining exhibit, Supreme Court denied its inclusion based on petitioners' concession that it was "merely a preliminary proposal, of no effect, and that petitioners do not rely on it for the court to grant their petition[]." Petitioners proffer no argument on appeal for its inclusion in the record.
ESD's approval of the GPP was not arbitrary and capricious or affected by an error of law, in finding that the GPP qualified as both a land use improvement project and a civic project (CPLR 7803[3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; see McKinney's Uncons Laws of NY § 6260[c]-[d]). Concerning land use improvement, the terms "substandard and insanitary conditions, or blight . . . are to be understood liberally so as not to unduly constrict the governmental prerogative to take measures directed at improving the urban environment" (Matter of Develop Don't Destroy [Brooklyn] v Urban Dev. Corp., 59 AD3d 312, 321 [1st Dept 2009] [internal quotation marks omitted], lv denied 13 NY3d 713 [2009]). Indeed, "[m]any factors and interrelationships of factors may be significant" to the finding, as blight "is something more than deteriorated structures" and "involves improper land use" (see generally Yonkers Community Dev. Agency v Morris, 37 NY2d 478, 483 [1978] [internal quotation marks omitted]). ESD's public purpose findings are "entitled to extraordinary judicial deference . . . in reviewing blight findings made by the ESD[] pursuant to Unconsolidated Laws § 6260(c)" (Matter of Develop Don't Destroy [Brooklyn], 59 AD3d at 322; see also Yonkers Community Dev. Agency, 37 NY2d at 484).
Here, the GPP and accompanying detailed neighborhood conditions study analyzing each site and lot "spelled out" the facts supporting the determination[*2](see Yonkers Community Dev. Agency, 37 NY2d at 484). This included poorly located subway entrances, narrow sidewalks, inadequate plazas and streetscapes, a derelict passage between Penn Station and the Herald Square subway station, inconsistent zoning, underutilization of lots, and outmoded building stock, among other things. It is enough that ESD presented facts showing "the site was outmoded, underbuilt and insufficiently utilized" (Matter of Don't Destroy [Brooklyn], 59 AD3d at 325; see also Jo & Wo Realty Corp. v City of New York, 157 AD2d 205, 218 [1st Dept 1990], affd on other grounds 76 NY2d 962 [1990]). Contrary to petitioners' contention, Supreme Court did not simply "rubber stamp" ESD's findings (see Yonkers Community Dev. Agency, 37 NY2d at 485).
As to the civic project finding, we reject petitioners' contention that ESD failed to find "that adequate provision has been, or will be, made for the payment of the cost of acquisition, construction, operation, maintenance and upkeep of the project" (Uncons Laws § 6260[d][3]). The GPP specified that prior to the commencement of any development contemplated thereunder, ESD must enter into contracts with developers setting forth all material terms of the transaction including funding mechanisms, hold public hearings on notice allowing for public consideration of each contract, hold a vote by the ESD directors regarding the approval of each contract, apply to the Public Authorities Control Board (PACB) seeking approval of funding, and receive PACB approval based on a finding at that time that "there are commitments of funds sufficient to finance the acquisition and construction of such project" (Public Authorities Law § 51[3]). This process ensures that the requisite funding will be available when needed. Contrary to petitioners' contention, the plain language of the UDCA does not require ESD to produce cost and revenue estimates at the time of GPP adoption (see Matter of Tompkins County Support Collection Unit v Chamberlin, 99 NY2d 328, 335 [2003]). As ESD is responsible for the administration of the UDCA, which tasks ESD with determining whether a project qualifies as a civic project, we uphold its rational interpretation here (see Matter of Johnson v Joy, 48 NY2d 689, 691 [1979]; Matter of Barklee Realty Co. v New York State Div. of Hous. & Community Renewal, 159 AD2d 416, 416 [1st Dept 1990], lv denied 76 NY2d 709 [1990]).
We have considered petitioners' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024