Chief Judge Desmond.
The suit is brought by a society of physicians practicing in Nassau County and specializing in neurology and psychiatry. The complaint alleges that the defendant Adelphi University, which is not and does not include a recognized medical school, and defendant Goldman, who is not licensed to practice medicine in New York, have announced their intention to give what plaintiff insists is medical treatment to patients by persons not licensed to practice medicine, and that the defendants purport to train unlicensed persons to practice *374 medicine in this State. Other statements in the complaint are that the contemplated or actnal practice of medicine by defendants will endanger the health of the public and will constitute a public nuisance in Nassau County, and that plaintiff has no adequate remedy at law. The complaint prays for judgment enjoining defendants from conducting the contemplated psychoanalytic service and from practicing medicine or acting as a medical school within the State of New York.
Defendants moved to dismiss the complaint for failure to state a cause of action. In response to the motion plaintiff proposed an amended complaint which does not add much to its original pleading. The motion to dismiss was granted at Special Term with a brief memorandum which did not reach the underlying question as to whether defendants are illegally teaching or practicing medicine but held that plaintiff, not having suffered damage different from that suffered by the general public, was not such an aggrieved party as would be entitled to an injunction since the primary jurisdiction in the field belonged to the State Department of Education. The Special Term order granted the motion to dismiss but denied plaintiff’s application for leave to replead.
The Appellate Division affirmed without opinion and granted plaintiff leave to appeal to this court certifying a question as to the correctness of its order. Presumably the Appellate Division thought certification of the question necessary since one part of its order (denying leave to replead) is nonfinal.
Neither Special Term nor the Appellate Division considered or discussed the question which plaintiff seeks to put in issue — that is, as to whether the postdoctoral course offered by Adelphi University amounts to or includes the unauthorized teaching of medicine and as to whether the services provided at defendants’ clinic amount to the practice of medicine. All that was decided below is that plaintiff as a society of physicians has no standing to sue for an injunction. The basis for this conclusion is that the Education Law in article 131 (§ 6509 et seq.) contains a complete scheme for licensing and registering physicians and for the prosecution of persons charged with unlawfully practicing medicine. Section 6513 not only makes such unlawful practice a misdemeanor but mandates that such misdemeanors be prosecuted by the Attorney-Gfeneral, further requiring that *375 the State Education Department shall investigate reports of such violations and, if they are substantiated, refer them to the Attorney-General for prosecution. Subdivision 8 of section 6513 authorizes the Education Department Board of Inspectors to investigate such violations and procure evidence for prosecution. Although the statute does not mention the bringing of injunction suits as against such violations it is clear that the Attorney-General has power to sue for an injunction (People ex rel. Bennett v. Laman, 277 N. Y. 368). Plaintiff sues here on the theory of a public nuisance but control and abatement of a public nuisance is ordinarily accomplished through a suit brought in behalf of the People (see New York Trap Rock Corp. v. Town of Clarkstown, 299 N. Y. 77, 82). Plaintiff says that as a recognized medical society it “ occupies a quasi-public status ” and so is entitled to bring the action. We stated in Matter of Salter v. New York State Psychological Assn. (14 N Y 2d 100) that such a medical society cannot identify itself with the State and is not a delegate or agency of the State for such purposes. Plaintiff cites decisions from other States permitting licensed medical men to bring injunction suits as against unlicensed practice by others. It would seem, however, that these other States do not have elaborate and comprehensive statutory schemes such as are found in article 131 of our Education Law. Our Legislature in sections 476-a and 476-b of the Judiciary Law has authorized the bringing of injunction suits by bar associations but there is no such statutory authorization for suits by other professional associations.
It should be remarked, too, that whatever may be the interests of its members this plaintiff association as such has not sustained any special damage (see Van Cortlandt v. New York Cent. R. R. Co., 265 N. Y. 249, 259 et seq.).
Prom exhibits in the record it seems that the New York State Education Department entertains some doubt as to whether ‘ ‘ psycho-therapy ’ ’ is the practice of medicine within the definition of such practice in section 6501 of the Education Law. The existence of such a doubt, however, does not give plaintiff a right which it would not otherwise possess to bring this injunction suit. At the least, plaintiff must first exhaust its other remedies by demanding that the Attorney-General commence criminal or civil action.
*376 From all the above we conclude that the Special Term and the Appellate Division were correct in holding that plaintiff society lacks capacity to bring this suit.
The order should be affirmed, with costs, and the question certified not answered as unnecessary.
Judges Fuld, Van Voobhis, Burke, Scileepi, Bergan and Keating concur.
Order affirmed, etc.