OPINION OF THE COURT
Memorandum.
The petitioner tenants’ protest, which the commissioner denied, is based on the argument that with respect to a rent increase resulting from rehabilitation of housing accommodations with government assisted financing, once the commissioner grants an increase he is, as to that ground for allowing an increase, functus officio. That contention is predicated upon the words "individual adjustment of maximum rents” in section Y51-5.0 (subd g, par [1]) of the Administrative Code and the words "an appropriate adjustment” in section 33.9 of the city Rent, Eviction and Rehabilitation Regulations.
The Administrative Code language cannot be so construed, for the obvious purpose of the quoted words, which appear in the preamble to a number of subdivisions providing various means by which rents may be increased, is that each adjustment shall be considered separately or individually. The word "individual” in the context of the preamble cannot reasonably be read as "one and only one”.
The words "an appropriate adjustment” in the regulations present a closer question for they are expressed in the singu *691 lar. We are, however, admonished by section 35 of the General Construction Law that "[w]ords in the singular number include the plural”.* Petitioners’ construction limiting the commissioner to but one increase ignores the word "appropriate” and the purpose behind the rehabilitation provision, upon which the Appellate Division relied and which would be denigrated were it to be held that the commissioner, having concluded on the basis of figures presented to him that the increase first granted was not "appropriate” because insufficient, nevertheless could not modify it because the regulation speaks only of "an * * * adjustment”. When the three words on which petitioners rely are read in context and in light of the purpose of the regulation, the commissioner’s construction of the regulation is clearly reasonable (see People v Gates, 56 NY 387; cf. Culver v Title Guar. & Trust Co., 296 NY 74, 78). It is, moreover, hornbook law that the construction given statutes and regulations by the agency responsible for their administration will, if not irrational or unreasonable, be upheld (Matter of Howard v Wyman, 28 NY2d 434, 438).
Petitioners’ notice argument is based not on due process but on the provisions of the regulations and the concept that since the increase could not be granted under section 33.9 it must necessarily have been granted under section 33.5 as a hardship increase, which under the regulations would require notice to tenants. As above noted, the premise of that contention does not withstand analysis.
The order of the Appellate Division reinstating the commissioner’s order denying petitioners’ protest should, accordingly, be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.

 While applicable in terms only to statutes section 110 of the General Construction Law may be used by analogy in the construction of the regulations here in issue (see People ex rel. Hart v Goodrich, 92 App Div 445, affd on opn below 180 NY 522).