■ TOKEN CARPENTRY, INC., Appellant, v JOSEPH W. HORNIK, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondent Hornik, the Superintendent of Highways and County Engineer of Rockland County, to issue permits to open a county road so that water pipes and mains could be installed, to permit access of a subdivision street as shown on an approved filed subdivision plat to the county road, and for a driveway access permit, the appeal is from a judgment of the Supreme Court, Rockland County (Ruskin, J.), dated July 3, 1981, which dismissed the proceeding on the merits. Judgment affirmed, without costs or disbursements. This proceeding arises out of the denial by the respondent, the Superintendent of Highways and County Engineer of Rockland County, of an application to allow the opening of New City-Congers Road, a county road, for purposes of installing and connecting water pipes and mains with pipes and mains in Conrad Lane, a proposed subdivision street. Petitioner also sought and was denied permission to connect Conrad Lane with the county road and a driveway entrance permit for access from a lot in the proposed subdivision to the said county road. The necessary procedures for the processing of an application for approval of a proposed subdivision plat, including the review of the proposed plat by the county planning board and the county superintendent of highways, are contained in section 239-k of the General Municipal Law. In this case, after various correspondence and submissions by the respondent to the Planning Board of the Town of Clarkstown, the Department of Highways of the County of Rockland, by letter dated June 5, 1979, relinquished the opportunity to act in a lead agency status as to the location, design and tie-in of Conrad Lane with New City-Congers Road, to the Department of Environmental Control of the Town of Clarkstown. The Department of Environmental Control, by letter dated June 22, 1979, advised the then property owner as follows: "this department still believes that the proposed project will result in no major impact and, therefore, is one which may not cause significant damage to the environment. You are reminded that the final plans as they affect New City-Congers Road must be approved and permits issued by the Rockland County Highway Department prior to the commencement of work." Thereafter, by separate submissions to the town planning board in July and August, 1979, the county highway department and the county planning board recommended disapproval of the plat upon the ground that the new proposed street would intersect the existing county road at an unsafe location. Pursuant to a further request by the town planning board for a report and recommendations, the Rockland County Highway Department made the following recommendations on January 28, 1980: "1. The proposed new street access to New City-Congers Road is at an unsafe location with poor motorist and pedestrian sight distance. a. The area of lot # 8 would be a better location for the road. 2. The drainage at the proposed intersection is not to County regulations. 3. The widening strip is satisfactory." In its General Municipal Law review made in January and/or February, 1980, the Rockland County Planning Board noted the adverse recommendation of the highway department in its report dated January 28, 1980 and repeated that recommendation verbatim. By resolution, dated February 13, 1980, the town planning board granted conditional preliminary approval to the subdivision plat, conditioned upon completion of certain modifications, and provided for final approval of the map by indorsement of the chairman at his convenience upon payment of any fees due, etc. This approval by the town planning board was unanimous, notwithstanding the disapproval of the county planning board and of the county highway department. The final map approval was indorsed on December 4, 1980 and the subdivision map was filed December 8, 1980 in the Rockland County Clerk's office with general

notes indorsed thereon including: "14 — THIS PLAT DOES NOT CONFLICT WITH THE COUNTY OFFICIAL MAP AND HAS BEEN APPROVED IN THE MANNER SPECIFIED IN SECTION 239K [*sic*] OF THE GENERAL MUNICIPAL LAW WHEN APPLICABLE." Thereafter, on December 17, 1980, the petitioner herein acquired title to six unimproved residential building plots as shown on the said subdivision plat which comprises a total of eight lots, the remaining two of which are improved by existing structures. The respondent thereafter refused to issue a work permit affecting the county road, New City-Congers Road. The specific purposes for which the opening of the county road was requested were to install water pipes and connections to the water main, to connect Conrad Lane to New City-Congers Road, and to install a driveway opening from Lot No. 8 to New City-Congers Road. Respondent requested that Conrad Lane be redesigned and placed at a location where access from the subdivision to the county road would not create a safety hazard insofar as the public was concerned. Respondent, in the exercise of his discretion, determined that the intersection of Conrad Lane with New City-Congers Road, as reflected on the subdivision plat, is not a safe location for such tie-in and would not be in keeping with the public health, safety and welfare. Petitioner asserts that section 239-k of the General Municipal Law, which furnishes the town planning board with authority to approve a subdivision plat, divested the respondent of any authority to review the tie-in of the subdivision street to the existing county road. Subdivision 1 of section 136 of the Highway Law provides in relevant part: "1. Except in connection with the construction, reconstruction, maintenance or improvement of a county road or operations of a corporation pursuant to the provisions of section twenty-seven of the transportation corporations law or sections twenty-one, eighty-nine, ninety-one, ninety-three, ninety-three-a and ninety-three-b of the railroad law, no person, firm, corporation or municipality shall construct or improve, within the county road right of way an entrance or connection to such road, or construct within the county road right of way any works, structure or obstruction or any overhead or underground crossing thereof, or lay or maintain therein underground wires or conduits or drainage, sewer or water pipes, except in accordance with the terms and conditions of a work permit issued by the county superintendent or his duly designated agent, notwithstanding any consent or franchise granted by any town superintendent, or by any other municipal authority" (to the same effect see former § 136 of the Highway Law in effect at the time the road opening permits with which this case is concerned were applied for and were denied, added as § 130 by L 1936, ch 63; renumbered § 136, L 1944, ch 786, § 8; amd L 1951, ch 49, § 2; repealed L 1982, ch 734, § 1). The purpose and intent of that statutory provision is to preserve the integrity of the county road system. We conclude that subdivision 1 of section 136 of the Highway Law governs the applications for road opening permits in the instant case. The petitioner has failed to demonstrate that the recommendations of the county planning board and the county highway department, which urged disapproval of the access location of Conrad Lane to New City-Congers Road, "will act to deprive the owner of the reasonable use of his land" (General Municipal Law, § 239-k). Moreover, in approving the subdivision pursuant to section 239-k of the General Municipal Law, the town planning board did not find that denial of plat approval in accordance with the recommendations of the county planning board and the county highway department would so act to deprive the owner of the reasonable use of his land. Under the circumstances, the respondent maintains the right in the exercise of his discretion to determine whether a proposed subdivision street may be tied in with the county road system or whether access should be denied in the interest of public safety. With respect to

the issuance of a driveway entrance permit for access from Lot No. 8 to New City-Congers Road, we determine that such issuance is within the exclusive jurisdiction of the respondent. The denial of the petitioner's application in that respect was related to the recommendation made by the county highway department on January 28, 1980, to the effect that the area now encompassing Lot No. 8 would be a better location for the proposed new street access to the county road (see Highway Law, § 136, subd 2, L 1982, ch 734, § 2, eff Jan. 1, 1983, which now specifically includes criteria for determining an application for a driveway entrance permit for access to a county road; see, also, Highway Law, § 52, which governs an application for a driveway entrance permit to a State highway). In summary, the petitioner has failed to make any factual showing that the respondent's position is arbitrary, capricious or unreasonable, or that it is without any rational basis. Damiani, J. P., Thompson, Bracken and Boyers, JJ., concur.