■ In the Matter of JAMES VAN DAMME, Petitioner, v DAVID AXELROD, as Commissioner of the New York State Department of Health, Respondent.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: There is substantial evidence in support of the Commissioner's determination that petitioner, a nurse anesthetist, unlawfully obtained morphine during surgery on May 12, 1986 and failed to verify that he properly disposed of partial doses of morphine on 20 occasions between December 28, 1984 and May 31, 1985. Petitioner did not have the authority to administer morphine without a physician's order (see, Public Health Law § 3331 [2]; § 3302 [28]). The evidence established that the doctor anesthesiologist did not authorize petitioner to obtain or administer the third vial of morphine sulphate at issue. No one observed petitioner administer the controlled substance to the patient and the hospital record does not indicate that a third dose was administered. Moreover, only two empty vials were found following surgery.

With respect to the improper disposal charge, the evidence established that on at least 20 occasions petitioner failed to obtain a witness's signature or initials. Although the applicable regulation requires only the witness's presence, not the

witness's signature (10 NYCRR 80.51 [c] [2]), the Commissioner has determined that the regulation may be satisfied only if the destruction of drugs is countersigned. This interpretation by the Commissioner is entitled to considerable weight *(see, Matter of Johnson v Joy,* 48 NY2d 689, 691; *Matter of Bernstein v Toia,* 43 NY2d 437, 448, *rearg denied* 43 NY2d 950; *Matter of Howard v Wyman,* 28 NY2d 434, 438, *rearg denied* 29 NY2d 749) and is rationally based since without a countersignature there is no way to identify and locate the purported witness to verify that a disposal actually occurred.

The $7,000 civil penalty imposed was not excessive given the serious and repetitive nature of the violations *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). (Article 78 proceeding transferred by order of Supreme Court, Monroe County, Willis, J.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.