■ NIAGARA FALLS SIGHTSEEING BY SHERIDAN, INC., Respondent, v PENN ADVERTISING, INC., et al., Appellants.—Order unanimously reversed on the law with costs, motion denied, cross motion granted and complaint dismissed. Memorandum: In this action plaintiff contends that defendants created a public nuisance by erecting a highway directional sign in violation of Federal and State law *(see,* 23 USC § 131; 23 CFR 750.154; Highway Law § 88 [2], [8]; 17 NYCRR 150.14 [b] [6] [ii] [a]) and that they failed to comply with the State Environmental Quality Review Act (SEQRA). Supreme Court granted plaintiff's motion for a preliminary injunction, directed defendants to remove the sign then in place or to remove the directional language and symbols on the sign, and denied defendants' cross motions to dismiss the complaint. We reverse.

Initially, we reject the contention that this matter is moot

because defendants have removed the sign in issue. Plaintiff requested in its complaint not only that the sign be removed but that defendants be prohibited from erecting other such signs. Since defendants erected a similar sign during the pendency of plaintiff's motion, the issue of the propriety of the sign is not academic *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715).

Addressing the merits, we conclude that the complaint must be dismissed. Plaintiff lacks standing to maintain the first cause of action for a public nuisance because the Legislature has vested the authority to regulate highway signs in the Commissioner of Transportation (Highway Law § 88 [8]). Here, defendants have already received approval for their sign from the Commissioner's office and deference to that determination is required *(see, Flacke v Onondaga Landfill Sys.,* 113 AD2d 440, 444, *affd* 69 NY2d 355). Moreover, control and abatement of a public nuisance is ordinarily accomplished through a suit brought in behalf of the public *(see, Nassau Neuropsychiatric Socy. v Adelphi Univ.,* 18 NY2d 370, 375). Plaintiff's lawsuit is a private action based on allegations of commercial loss.

Supreme Court lacked jurisdiction over plaintiff's second cause of action because the issue of compliance with SEQRA can be judicially reviewed only in a CPLR article 78 proceeding *(see, Pizzuti v Metropolitan Tr. Auth.,* 67 NY2d 1039, 1041). The claim lacks merit in any event because the ministerial act of controlling outdoor advertising signs is exempt from the requirements of SEQRA *(see,* 17 NYCRR 15.12 [g]; 15.13 [a]).

Since plaintiff has failed to state a valid cause of action the court abused its discretion in granting plaintiff a preliminary injunction. Plaintiff failed to establish a likelihood of success on the merits, which is a necessary condition for entitlement to a preliminary injunction *(see, After Six v 201 E. 66th St. Assocs.,* 87 AD2d 153, 155, *appeal dismissed* 57 NY2d 835). (Appeal from order of Supreme Court, Niagara County, Sedita, J.—preliminary injunction.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.