In the Matter of JOSEPH R. SCHMITT, Respondent, v REVIEW COMMITTEE (THE COPELAND COMPANIES), Doing Business as NEW YORK STATE DEFERRED COMPENSATION PLAN, Appellant.—Mercure, J.

Petitioner is employed as a correction officer by the Department of Correctional Services. In 1988, petitioner enrolled in the New York State Deferred Compensation Plan (hereinafter the plan) and signed an agreement authorizing 3% payroll deductions. In August 1990, petitioner requested an emergency withdrawal of $1,154 from the plan in order to pay delinquent Federal income taxes for 1987, 1988 and 1989. In his application, petitioner indicated that his monthly income was $1,514 and his monthly expenses were $1,329. Respondent denied petitioner's request based on a determination that his circumstances did not qualify as an "unforeseen financial hardship" under Internal Revenue Code § 457 (26 USC § 457). Petitioner then commenced this CPLR article 78 proceeding to annul respondent's determination. Supreme Court concluded that financial mismanagement could be considered an unforeseeable emergency and, accordingly, granted judgment in petitioner's favor, ordering respondent to issue a check to the Internal Revenue Service. This appeal ensued.*

We reverse. Under Internal Revenue Code § 457, State governments may establish deferred compensation plans. Nu-

---

* This court granted petitioner's CPLR 5519 (c) motion to vacate the statutory stay of enforcement of the judgment pending appeal and, thus, the moneys were withdrawn from the plan.

merous restraints are imposed on these plans, however, including limitations on distributions. Distributions may not be made until the participant reaches age 70½ or leaves State service or "is faced with an unforeseeable emergency" (26 USC § 457 [d] [1] [A] [iii]). In defining an "unforeseeable emergency", the applicable regulations require a showing of "severe financial hardship" resulting from a "sudden and unexpected illness or accident", property loss due to casualty or "other similar extraordinary and unforeseeable circumstances arising as a result of events beyond the control of the participant" (26 CFR 1.457-2 [h] [4]).

We reject petitioner's contention that delinquent Federal income taxes justified a premature withdrawal of his investment. First, by operation of the rule of *ejusdem generis*, the general language of "other similar extraordinary and unforeseeable circumstances" is limited in its effect by the specific examples preceding it *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 239; *Barsh v Town of Union,* 126 AD2d 311). Thus, the language must be confined to matters such as unexpected illnesses, accidents or other extraordinary circumstances and cannot be construed so broadly as to include unanticipated financial shortages as the result of poor money management. Second, Supreme Court's reliance on *In Re Council* (122 Bankr 64) was misplaced. There, the Bankruptcy Court held that the deferred compensation plan participant's financial difficulties and her consequent filing of a petition in bankruptcy constituted an unforeseeable emergency which would have justified her premature withdrawal of the investment. We view *Council* as inapposite and, in any event, disagree with the Bankruptcy Court's broad construction of "unforeseeable emergency", unsupported by any analysis. Finally, our review is limited to ensuring that respondent's determination was neither irrational nor unreasonable. Because the construction given the regulations was not irrational or unreasonable, it must be upheld *(see, Matter of Johnson v Joy,* 48 NY2d 689, 691; *Matter of Howard v Wyman,* 28 NY2d 434, 438).

Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed, petition dismissed and petitioner directed to pay respondent $1,154.