■ In the Matter of POLLY L. TREA, Respondent, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Appellants. [695 NYS2d 796] —Judgment unanimously reversed on the law without costs and petition dismissed. Memorandum: Supreme Court erred in granting the petition to nullify a sign permit issued by respondent New York State Department of Transportation (DOT) to respondent Lamar Outdoor Advertising (Lamar) and directing DOT to accept petitioner's application for a sign permit. DOT is authorized to regulate outdoor advertising signs along the interstate highway system (*see,* Highway Law § 88 [6]-[8]; *Niagara Falls Sightseeing by Sheridan v Penn Adv.,* 163 AD2d 861, 862, *lv denied* 77 NY2d 803). DOT's decision to grant or deny a sign permit is entitled to great weight and will be upheld if reasonable (*see, Matter of Johnson v Joy,* 48 NY2d 689; *Matter of Barklee Realty Co. v New York State Div. of Hous. & Community Renewal,* 159 AD2d 416, *appeal dismissed* 76 NY2d 844, *lv denied* 76 NY2d 709), and as long as that decision has a rational basis, a court may not substitute its judgment for that of the agency (*see, Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.,* 112 AD2d 72, 76, *affd* 66 NY2d 1032; *Matter of Diaz v New York State Off. of Mental Health,* 188 AD2d 903, 904).

Initially, the court erred in concluding that petitioner has a protected property right in the permit that Lamar had obtained for a sign on its premises (*see, Matter of Gluck v City of Syracuse,* 244 AD2d 873, 874, *appeal dismissed* 91 NY2d 921, *lv denied* 92 NY2d 802; *Big Apple Food Vendors' Assn. v City of New York,* 228 AD2d 282, 283, *appeal dismissed* 88 NY2d 1064, *lv denied* 89 NY2d 807). A sign permit is not equivalent to a land use permit that runs with the land (*see generally, Matter of Dexter v Town Bd.,* 36 NY2d 102).

The court also erred in concluding that issuance of a permit for the Butternut Street sign to Lamar on November 18, 1997 was prohibited by 17 NYCRR 150.7 (b) because at that time there was another sign within 500 feet. Although the North State Street sign was still in place at the time Lamar applied for a sign permit for the nearby Butternut Street property, the record establishes that issuance of the Butternut Street permit was conditioned upon removal of the North State Street sign. The original lease agreement between the parties' predecessors in interest expressly permitted the sign to be removed by the sign company at any time after the expiration of the agreement. The agreement had admittedly expired, and the owner of the premises acknowledged the sign company's lawful right to remove the sign. When the North State Street sign was removed on December 5, 1997, that permit became null and void (*see,* 17 NYCRR 150.15 [a] [6]). The Butternut Street sign was then constructed. Moreover, DOT's failure to issue petitioner an application for a sign permit was rational because at that time the Lamar application had been granted. Petitioner's application could not have been approved because it would have violated the regulation prohibiting sign structures within 500 feet of one another (*see,* 17 NYCRR 150.7 [b]). (Appeals from Judgment of Supreme Court, Onondaga County, Murphy, J.—CPLR art 78.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.