■ In the Matter of PAULSEN DEVELOPMENT COMPANY OF ALBANY, LLC, et al., Respondents, v COUNTY OF SCHENECTADY DEPARTMENT OF ENGINEERING AND PUBLIC WORKS et al., Appellants, and TOWN OF NISKAYUNA PLANNING BOARD et al., Respondents. [849 NYS2d 129]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Kramer, J.), entered November 1, 2006 in Schenectady County, which, among other things, partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to direct respondents to issue a certain highway work permit.

Petitioners seek to develop 52 acres in the Town of Niskayuna, Schenectady County, by building in excess of 70 single family residences. The property abuts Lori Drive (a cul-de-sac town road which connects to State Route 7) and Lishakill Road (a county road which intersects State Route 7 at a traffic light). Respondent Town of Niskayuna Planning Board granted preliminary approval subject to certain conditions, including that the proposed subdivision roads connect to Lori Drive. This condition was consistent with the Town's policy of eliminating dead-end streets branching from major arterials in order to interconnect neighborhoods and make access by emergency vehicles easier. Petitioners were also required to obtain a permit from respondent County of Schenectady Department of Engineering and Public Works since the proposed subdivision roads connected to a county road. In a letter requesting various additions and amendments to petitioners' plans prior to issuing a permit, the Department took the position that the proposed subdivision roads should not connect to Lori Drive because of traffic safety concerns. The Department was concerned that motorists would use the combination of Lori Drive and the new roads in the subdivision as a cut-through between State Route 7 and Lishakill Road, resulting in increased left-hand turns.

Efforts to resolve the issue resulted in a meeting of petitioners, the Town and the Department, with petitioners and the Town proposing a circuitous route of the roads within the subdivision to discourage cut-through traffic. In February 2006, the Department rejected the proposed circuitous route plan. In

May 2006, petitioners commenced this proceeding seeking a judgment directing the Department to issue the permit with no condition regarding Lori Drive or, alternatively, the Planning Board to eliminate the requirement that the subdivision roads connect to Lori Drive. Supreme Court granted the relief requested against the Department and its Director of Public Works (hereinafter collectively referred to as the Department), and the court dismissed the petition as to the Planning Board and its members. The Department appeals.

We consider first the Department's argument that petitioners failed to commence this proceeding within the applicable four-month statute of limitations (*see* CPLR 217). An agency's determination is final and binding, and the statute of limitations commences running, "when the decisionmaker arrives at a 'definitive position on the issue that inflicts an actual, concrete injury' " (*Stop-The-Barge v Cahill,* 1 NY3d 218, 223 [2003], quoting *Matter of Essex County v Zagata,* 91 NY2d 447, 453 [1998]). This entails a pragmatic evaluation of the agency's actions (*see Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 519 [1986], *cert denied* 479 US 985 [1986]) and finality will not be found "[i]f further agency proceedings might render the disputed issue moot or academic" (*Matter of Essex County v Zagata,* 91 NY2d at 454). Here, the Department's September 2005 letter, which raised several concerns regarding the proposed subdivision, did not constitute a definitive position on all issues mentioned therein, including the Lori Drive dispute. Indeed, its subsequent December 2005 letter reflected some movement of its position on that issue (apparently allowing a gated connection available to bicyclists, pedestrians and emergency vehicles) and, thereafter, the Department participated in discussions with the Town and petitioners in efforts to resolve the dilemma. The compromise of a circuitous route connection was explored, but rejected by the Department in a letter dated February 10, 2006. Petitioner commenced this proceeding within four months of such determination. Accordingly, the proceeding was commenced in a timely fashion.

The Department further asserts that Supreme Court erred in directing it to issue a permit without any condition regarding the connection to Lori Drive. A county superintendent or director of public works is accorded considerable discretion in imposing upon permits terms and conditions designed to "preserve the integrity and safety of the [c]ounty road system" (*Matter of New York State Elec. & Gas Corp. v Commissioner of Dutchess County Dept. of Pub. Works,* 205 AD2d 1033, 1035 [1994], *lv denied* 84 NY2d 809 [1994]; *see Token Carpentry v Hornik,* 92

AD2d 868, 869-870 [1983]). Judicial review of such a determination is limited to whether it was "arbitrary and capricious or affected by an error of law" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]; *see Matter of New York State Elec. & Gas Corp. v Commissioner of Dutchess County Dept. of Pub. Works*, 205 AD2d at 1035-1036).

The record contains a traffic report which concludes that the subdivision would "not have a significant impact on the existing roadway systems level of service," that "[t]he existing highway system [could] adequately accommodate the traffic [it] generated," and that it would "have no significant adverse traffic impacts on the adjacent transportation system in the vicinity." In addition, an affidavit by petitioners' expert explains that "the proposed connections of the subdivisions to Lishakill Road and Lori Drive meet recognized traffic safety standards established by the Town of Niskayuna, New York State Department of Transportation . . . and the American Association of State Highway and Transportation Officials." The Department did not contest these statements regarding recognized safety standards. The Department did not conduct any studies of its own and it relied, in part, on a critique by engineers retained by the Town of a traffic report that had been subsequently revised. Indeed, after the revision, those engineers notified the Town that they had reviewed the revised traffic report and that petitioners "satisfactorily resolved all issues from the previous comments." While it was not necessarily incumbent upon the Department to conduct its own studies to support its determination, it cannot reasonably rely upon a critique by others that was revised after further consideration. Upon review of the record, we are unpersuaded that Supreme Court erred in finding that the Department acted arbitrarily.

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.