■ In the Matter of HOME DEPOT U.S.A., INC., et al., Respondents-Appellants, v NEW YORK STATE PUBLIC SERVICE COMMISSION et al., Appellants-Respondents. [868 NYS2d 770]—

Cardona, P.J. Cross appeals from a judgment of the Supreme Court (Lynch, J.), entered November 2, 2007 in Albany County, which partially granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Public Service Commission denying petitioners' challenge to water rates charged by respondent Independent Water Works, Inc.

In October 2000, petitioner Home Depot U.S.A., Inc. and developer Emgee Highlands Corporation entered into, among other things, a development agreement and a ground lease with option to purchase, both of which were connected to the development of a shopping center in the Town of Southeast, Putnam County. Pursuant to the lease agreement, Home Depot agreed to pay Emgee $1,680,000 to lease the premises for 99 years (with options to extend the lease for a total of 400 more years). Pursuant to the development agreement, Home Depot agreed to pay Emgee $5,820,000 as a contribution to site costs, while Emgee agreed to bear all other costs associated with the site work. As part of the project, Emgee constructed a water facility to supply the shopping center. Emgee then sold the facility to respondent Independent Water Works, Inc. (hereinafter IWW), a corporation that shares Emgee's offices and has the same shareholders and officers as Emgee. The selling price was $1,707,807, the cost of building the facility.

In November 2002, respondent Public Service Commission (hereinafter PSC) approved an initial water rate schedule for IWW which included the cost of construction in its rate base, resulting in extremely high water rates for the shopping center's tenants. Petitioners thereafter filed a complaint with the PSC requesting an 80% reduction in water rates, arguing that the cost of the water system should not have been passed on to IWW and included in the rate base because the development agreement contemplated that all costs of site work would be covered either by Home Depot's $5,820,000 contribution to site costs or by Emgee. Thus, petitioners argued, Emgee obtained a double recovery of construction costs by passing the cost of the water system on to IWW.[1]

The PSC dismissed the complaint, finding no basis for a double recovery. In reaching that conclusion, the PSC relied exclusively on Emgee's accounting treatment of Home Depot's

---

1. Home Depot and petitioner LNT, Inc., a shopping center tenant, previously commenced separate federal court actions against Emgee alleging, among other things, breach of contract and unjust enrichment based, in part, on Home Depot's theory of double recovery. The federal court stayed those actions pending a determination of petitioners' complaint by the PSC.

$5,820,000 contribution, which recorded those funds not as a contribution to the cost of site work, as specified in the development agreement, but rather as income from the sale of the leasehold interest. Based solely on this characterization by Emgee, and notwithstanding that the lease agreement specified that Home Depot would make a separate payment of $1,680,000 for the leasehold interest, the PSC concluded that the $5,820,000 was actually an *additional* payment for the leasehold and, thus, could not be used to reduce the cost of the water facility. Even though the PSC found $525,142 of Home Depot's contribution to be directly traceable to funding the water system, the PSC did not consider that amount to be a contribution to the water facility because Emgee did not record it as such on its books. Accordingly, the PSC declined to reduce the rates set in the initial rate schedule. Notably, the PSC did not explicitly address the provision contained in the development agreement wherein Emgee agreed to assume all costs of site work not covered by Home Depot's contribution.

Petitioners commenced this CPLR article 78 proceeding seeking to annul the PSC's determination. Supreme Court granted that portion of the petition seeking a prospective reduction in rates,[2] finding that the PSC acted arbitrarily by relying on Emgee's accounting treatment of the payments received from Home Depot rather than on the express terms of the contracts. That said, the court did not agree with petitioners' argument that, because Emgee committed to assume all site costs not covered by Home Depot's contribution to site work, the entire cost of construction should be removed from the rate base. Instead, the court held that the PSC should have deducted from the rate base the $525,142 directly traceable to Home Depot's contribution to the water facility. The court remitted the matter to the PSC for that purpose. The parties now cross-appeal.

We are mindful that, given the PSC's "broad discretion to review and determine the reasonableness of any rates or charges sought to be imposed by any water-works corporation" (*Matter of Crescent Estates Water Co. v Public Serv. Commn. of State of N.Y.*, 77 NY2d 611, 616 [1991]; *see* Public Service Law § 89-b), its determinations in that regard " 'are entitled to deference and may not be set aside unless they are without rational basis or without reasonable support in the record' " (*Matter of New York Tel. Co. v Public Serv. Commn. of State of N.Y.*, 95 NY2d 40, 48 [2000], quoting *Matter of Rochester Tel. Corp. v Public*

---

2. Supreme Court denied that portion of the petition seeking a retroactive reduction in rates as barred by the statute of limitations and the filed rate doctrine. Petitioners do not challenge that ruling in their appeal.

*Serv. Commn. of State of N.Y.*, 87 NY2d 17, 29 [1995]; *see Matter of Crescent Estates Water Co. v Public Serv. Commn. of State of N.Y.*, 77 NY2d at 616). However, based upon the analysis contained in the PSC's determination, we find no rational basis for the PSC to disregard the clear language of the development and lease agreements between Home Depot and Emgee in favor of Emgee's tax and accounting treatment of the funds on its books.

Nothing contained within the PSC's determination supports its conclusion that Home Depot's $5,820,000 contribution was anything other than what the development agreement declared it to be—a contribution to site costs, as defined in that agreement. More specifically, nothing in the determination supports the PSC's conclusion that those funds were, in fact, part of Home Depot's payment for the leasehold interest, a conclusion which is contradicted not only by the development agreement, but also by the lease agreement. Although the PSC now contends that certain language contained within a third agreement entered into by Emgee and Home Depot—the building loan agreement—supports its view, we note that our review is limited to the grounds stated in the determination (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]; *Matter of Lippman v Public Empl. Relations Bd.*, 296 AD2d 199, 207-208 [2002], *lv denied* 99 NY2d 503 [2002]), which contains no reference to the building loan agreement. Finally, the determination offers no rational basis for the PSC's failure to consider Emgee's commitment under the terms of the development agreement to bear all costs associated with the site work which were not covered by Home Depot's $5,820,000 contribution to site costs. In sum, the PSC's unexplained disregard of the provisions contained in the development agreement and the lease agreement renders its determination arbitrary and capricious. Accordingly, we remit the matter for full reconsideration of the question whether petitioners' water rates should be reduced prospectively based upon a double recovery of construction costs, taking into account all relevant agreements entered into between Emgee, Home Depot and IWW. Such reconsideration should also include whether the $525,142 that the PSC previously confirmed was utilized to construct the water system should be deducted from the rate base.

We have examined the parties' remaining contentions and find them to be either academic or unpersuasive.

Peters, Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by revers-

ing so much thereof as required respondent Public Service Commission, upon remittal, to deduct a certain sum from the rate base; matter remitted to said respondent for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.