■ In the Matter of LAMAR CENTRAL OUTDOOR, LLC, Doing Business as LAMAR ADVERTISING, Respondent, v STATE OF NEW YORK et al., Appellants. [882 NYS2d 743]—

Garry, J. Appeals (1) from a judgment of the Supreme Court (Platkin, J.), entered May 6, 2008 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Department of Transportation denying petitioner's request for a sign permit, and (2) from an order of said court, entered October 10, 2008, which denied respondents' motion for reconsideration.

The Ninth Ward Memorial and Service League, a fraternal organization affiliated with the American Legion (hereinafter the American Legion), owns real property in the City of Albany consisting of .29 acres and located in an R2B zone, a one- and two-family medium-density residential district as defined by the Albany City Code. The property has allegedly been used for many years as an American Legion Post. Under the Code, such a use by a fraternal organization is limited to commercial zones, but the American Legion's nonconforming use is allegedly "grandfathered" because it predates the Code's enactment. The property is located less than 660 feet from an interstate highway and within a "Billboard Zone" created by the City in 2003 as part of its comprehensive zoning plan.

In August 2006, as part of a litigation settlement, the City issued a building permit to petitioner, a corporation in the business of erecting, leasing, and selling outdoor advertising structures, to place a billboard on the property. Petitioner entered into a lease with the American Legion and applied to respondent Department of Transportation (hereinafter DOT) for a permit. DOT denied the permit application on the ground that the property was located in an area zoned as residential and was not located in a commercial or industrial zone as required by Highway Law § 88 and 17 NYCRR 150.5 (b) (1). Petitioner's lease manager sent DOT a copy of the City's stipulation allowing the billboard, inquiring whether the stipulation would permit DOT to rescind its denial or whether petitioner would "need to go back to the City for them to change the zoning classification." DOT replied by correspondence reiterating its previous denial.

In June 2007, the City enacted an ordinance rezoning the property from R2B to C-1, a neighborhood commercial district.

Petitioner promptly submitted a new permit application to DOT with a copy of the ordinance. DOT again denied the application, refusing to recognize the zoning change for purposes of outdoor advertising control and stating, "Since the parcels surrounding this site remain zones R2B and R2A, this action is not part of comprehensive zoning and these parcels were rezoned primarily for the purposes of permitting this sign."

Petitioner commenced this proceeding pursuant to CPLR article 78 challenging DOT's denial of its permit application. Supreme Court granted the petition, annulled DOT's determination, and directed it to issue the permit. Respondents moved for leave to reargue or renew, and the court denied the motion. Respondents appeal from both determinations.

The Federal Highway Beautification Act (hereinafter FHBA) (*see* 23 USC § 131) controls the placement of billboards along interstate and primary highway systems and requires states to provide for the effective control of such billboards or risk losing 10% of their federal highway funds (*see* 23 USC § 131 [b]). The FHBA allows billboards to be erected within 660 feet of interstate and primary highway systems in areas zoned under state law as industrial or commercial (*see* 23 USC § 131 [b]). In compliance with the FHBA, New York State enacted Highway Law § 88 authorizing the Commissioner of Transportation to regulate the placement of billboards along highways pursuant, in part, to "national standards promulgated by the secretary of transportation of the United States" (Highway Law § 88 [5]). Accordingly, the Commissioner of Transportation promulgated state regulations controlling the erection of billboards, including 17 NYCRR 150.5 (b) (1), which limits the placement of billboards as required by the FHBA.

It is undisputed that the proposed billboard complies with federal, state, and city requirements in that it is located within 660 feet of an interstate highway and in the City's "Billboard Zone" (*see* 23 USC § 131 [b]; Highway Law § 88 [5]; 17 NYCRR 150.5 [b] [1]). However, DOT based its denial of the permit on 23 CFR 750.708 (b), promulgated by the Secretary of Transportation pursuant to the FHBA, which provides: "State and local zoning actions must be taken pursuant to the State's zoning enabling statute or constitutional authority and in accordance therewith. Action which is not a part of comprehensive zoning and is created primarily to permit outdoor advertising structures, is not recognized as zoning for outdoor advertising control purposes" (23 CFR 750.708 [b]).

DOT asserts that this regulation establishes a national standard to which it must conform and that it properly applied the

regulation in refusing to recognize the City's rezoning of the property. Supreme Court held that the property's zoning change merely comported with its long-standing actual commercial use and that neither federal nor state law provided a basis for DOT's refusal to recognize the City's rezoning of the property. In reaching this determination, the court found that it did not owe deference to DOT's interpretation of 23 CFR 750.708 (b) because DOT did not follow the federal interpretation of the regulation as set forth in a legal opinion (hereinafter the opinion letter) of the chief counsel of the Federal Highway Administration (hereinafter FHA). The opinion letter explains that the regulation's intent is to avoid "sham zoning" enacted solely to circumvent the FHBA by opening up areas for billboards rather than in furtherance of a community's comprehensive planning goals. The opinion letter sets forth several factors to be considered in this analysis, no one of which is determinative, and states that the FHA will not be required to accept a zoning action as valid if a combination of factors demonstrates that the action "is primarily to allow billboards in areas that have none of the attributes of a commercial or industrial area." Based on this interpretation of 23 CFR 750.708 (b) and on the property's long-standing commercial use, Supreme Court found that neither state nor federal law provided a valid basis for DOT's refusal to recognize the City's rezoning of the property.

In reviewing this agency determination, the standard of review is "whether [it] was arbitrary and capricious or affected by an error of law" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758 [1991]; *see* CPLR 7803 [3]; *Matter of Paulsen Dev. Co. of Albany, LLC v County of Schenectady Dept. of Eng'g & Pub. Works*, 47 AD3d 1031, 1034 [2008]). Essentially, the test is one of rationality (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]). Supreme Court determined that DOT misinterpreted 23 CFR 750.708 (b). However, "the construction given statutes and regulations by the agency responsible for their administration will, if not irrational or unreasonable, be upheld" (*Matter of Johnson v Joy*, 48 NY2d 689, 691 [1979]). DOT is vested with the authority to regulate outdoor advertising signs along interstate highways in New York and is responsible for the administration of statutes and regulations applicable to such signs (*see* Highway Law § 88; *Niagara Falls Sightseeing by Sheridan v Penn Adv.*, 163 AD2d 861, 862 [1990], *lv denied* 77 NY2d 803 [1991]). Therefore, if DOT's interpretation of 23 CFR 750.708 (b) is not irrational or unreasonable, it is entitled to deference (*see Matter of Johnson v Joy*, 48 NY2d at 691; *Matter*

*of Skyline Specialty v Gargano*, 294 AD2d 742, 742 [2002]). Further, as the agency responsible for the regulation of billboards, "DOT's decision to grant or deny a sign permit is entitled to great weight and will be upheld if reasonable" (*Matter of Trea v New York State Dept. of Transp.*, 265 AD2d 847, 847 [1999]).

According to its June 2007 letter, DOT determined that the rezoning was not part of comprehensive zoning and had taken place primarily for the purpose of permitting a billboard because the parcels surrounding the site continued to be residentially zoned. This determination was based on the information presented, including, among other things, the original application stating that the property was residentially zoned, the lease agreement for a proposed billboard, the city building permit for the billboard, the litigation stipulation permitting the billboard, and petitioner's letter responding to the first denial by inquiring whether it would be necessary to return to the City "for them to change the zoning classification." Also before DOT was petitioner's second permit application referring to the earlier denial and enclosing the City's ordinance that rezoned the property from a residential to a commercial classification. It was neither irrational nor unreasonable for DOT to conclude from this evidence and from the fact that the zoning of the surrounding area was unchanged that, under 23 CFR 750.708 (b), it could not recognize the rezoning as valid for outdoor advertising purposes.

Supreme Court determined that DOT should have based its decision on the property's long-standing commercial use by the American Legion. However, it does not appear that DOT had any information before it regarding the property's history or the alleged "grandfathered" status of its nonconforming commercial use when the decision was reached. In a CPLR article 78 proceeding, judicial review of an agency determination "is limited to the grounds stated in the determination" (*Matter of Home Depot U.S.A., Inc. v New York State Pub. Serv. Commn.*, 55 AD3d 1111, 1114 [2008]; *see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d at 758) and is "confined to the facts and record adduced before the agency" (*Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 6 NY3d 104, 110 [2005] [internal quotation marks and citations omitted]). In determining whether an agency's determination was sound, the court may not rely on evidentiary submissions that were not before the agency (*see Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl*, 45 AD3d 947, 951 [2007]), nor may it substitute what it finds to be "a more appropriate or proper basis" for the grounds the agency actu-

ally relied upon (*Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 593 [1982]). Further, in view of the other evidence, we cannot find as a matter of law that DOT would have been compelled to recognize the property's rezoning based on the single factor of its previous commercial use even if that information had been provided. As DOT's denial of petitioner's application for a billboard permit was rationally based on the evidence presented to it and on DOT's reasonable construction of 23 CFR 750.708 (b), we may not disturb it.

Petitioner argued before Supreme Court that DOT lacked authority to enforce 23 CFR 750.708 (b) because the limitations it imposes on the acceptability of local zoning for purposes of billboard control contradict the plain language of 23 USC § 131 (d), which recognizes the states' "full authority" to zone property for commercial purposes and provides that such actions "will be accepted" for purposes of the FHBA (*see Koshland v Helvering*, 298 US 441, 446-447 [1936]). The court stated in dicta that it saw "considerable force" in petitioner's argument but, in view of its substantive determination, did not reach the issue. Our conclusion that DOT's interpretation and application of 23 CFR 750.708 (b) was not irrational thus leaves unresolved the underlying question of the regulation's validity. Although a proceeding under CPLR article 78 cannot be used to review legislative action, as the parties have fully briefed the issue, we exercise our discretion pursuant to CPLR 103 (c) to partially convert the proceeding to one for declaratory judgment regarding this issue and proceed to the merits (*see Matter of Nicholas v Kahn*, 62 AD2d 302, 308 [1978], *mod on other grounds* 47 NY2d 24 [1979]; *Matter of Broadacres Skilled Nursing Facility v Ingraham*, 51 AD2d 243, 244-245 [1976]).

The interpretation of legislation must be "consistent with the purpose for which it was enacted" (*Matter of Oestrich*, 61 AD3d 1317, 1319 [2009]; *see Matter of Yolanda D.*, 88 NY2d 790, 795 [1996]). The purpose of the FHBA is to control billboards erected near interstate and primary highway systems in order "to protect the public investment in such highways, to promote the safety and recreational value of public travel, and to preserve natural beauty" (23 USC § 131 [a]). To carry out that purpose, Congress delegated authority to the Secretary of Transportation to "prescribe and promulgate all needful rules and regulations" to carry out the provisions of the FHBA (23 USC § 315). The legislative history indicates that Congress did not intend the broad language of 23 USC § 131 (d) pertaining to the zoning power of the states to strip the Secretary of regulatory authority to prevent states from taking zoning actions

intended solely to permit billboards along interstate highways. On the contrary, the 1965 report of the Committee on Public Works recommending the passage of the bill that became the FHBA reveals that Congress contemplated that the Secretary would enforce the FHBA's provisions to prevent the states from taking such actions. The report states that "the purpose of [the FHBA] is to preserve and develop the recreational and esthetic values of the interstate and primary highway systems, and it would be wholly inconsistent with this purpose for a State to engage in such [zoning actions]" (Rep of Comm on Pub Works, at 6, S Rep 89-709, 89th Cong, 1st Sess).

Courts in other jurisdictions that have examined this issue have concluded that Congress did not intend to cede full authority over zoning with respect to outdoor advertising control to state and local governments. A federal district court in South Dakota held that the language in 23 USC § 131 (d) pertaining to state zoning authority did not indicate a congressional intent to "subvert the [FHBA]'s stated purpose to arbitrary actions taken by the individual state legislatures" (*State of S. Dakota v Volpe*, 353 F Supp 335, 340 [D SD 1973]). The court further quoted from the FHBA's legislative history as follows: " '[The FHBA's language authorizing the states to zone areas for commercial or industrial purposes], of course, does not mean that a state or local authority could place a label 'zoned commercial or industrial' on land adjacent to the Interstate and primary systems solely to permit billboards or junkyards and thereby frustrate the intent of Congress stated in [23 USC §] 131 (a)' " (*id.*, quoting 89 Cong Rec 26820 [1965]).

Similarly, the Nevada Supreme Court determined that 23 CFR 750.708 (d) did not conflict with 23 USC § 131 (d) and was consistent with congressional intent regarding local zoning, stating that "[w]hile each state has authority under 23 USC § 131 (d) to zone areas for commercial or industrial uses, the actions of a state are not without limitation. A state's zoning must be consistent with the purposes and intent of Congress, and must protect travelers from billboards in noncommercial areas" (*Alper v State*, 96 Nev 925, 928 n 3, 621 P2d 492, 494 n 3 [1980]). Though not controlling, we find this reasoning persuasive. We decline to find that the limitation imposed by 23 CFR 750.708 (b) on state and local zoning authority, as challenged, is invalid.

Supreme Court properly denied respondents' motion for renewal pursuant to CPLR 2221. As the court noted and respondents now concede, the motion pertained to a postjudgment order and therefore should have been brought pursuant to CPLR

5015 (a) (2). Under either provision, respondents bore the burden of proving that the new evidence they sought to present could not have been discovered earlier with due diligence and would have led to a different result (*see e.g. Cippitelli v County of Schenectady*, 307 AD2d 658, 658 [2003] [CPLR 2221]; *Evergreen Bank v Dashnaw*, 262 AD2d 737, 738 [1999] [CPLR 5015]). Respondents did not meet this burden. The information they sought to present, which they contend would have clarified, among other things, the property's location in relation to the American Legion Post, was a matter of public record. Respondents offered no reason why it could not have been presented at the time of the original application (*see Kahn v Levy*, 52 AD3d 928, 929-930 [2008]). Further, the new evidence could not properly have been considered because it was not presented to DOT (*see Matter of Rizzo v New York State Div. of Hous. & Community Renewal*, 6 NY3d at 110; *Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl*, 45 AD3d at 951).

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, proceeding partially converted to an action for declaratory judgment and it is declared that 23 CFR 750.708 (b) has not been shown to be invalid. Ordered that the order is affirmed, without costs. [*See* 20 Misc 3d 183.]