Malone Jr., J. Appeal from an order and judgment of the Supreme Court (McDonough, J.), entered March 23, 2009 in Albany County, which dismissed petitioner’s application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, among other things, review a determination of respondent Workers’ Compensation Board imposing an assessment against petitioner.
Petitioner was a member of the New York State Health Care Facilities Workers’ Compensation Trust (hereinafter the Trust), a workers’ compensation group self-insured trust, from September 1, 1997 through October 14, 2000. After the Trust had been severely underfunded for several years, in August 2006, respondent Workers’ Compensation Board terminated the Trust and assumed the administration and distribution of the Trust’s assets and liabilities. In March 2008, the Board issued a deficit assessment to each current and former Trust member, including petitioner, to cover the costs of fulfilling the Trust’s workers’ compensation claims. Petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment challenging the Board’s assessment, claiming, among other things, that the Board did not have the statutory or regulatory authority to impose the assessment and that the assessment was arbitrary and capricious and violated petitioner’s due process rights. Following a hearing, Supreme Court dismissed the petition, and petitioner appeals.
Initially, our review of the Board’s determination here is limited to whether it “was affected by an error of law or was arbitrary and capricious or an abuse of discretion” (CPLR 7803 [3]; see Matter of Lamar Cent. Outdoor, LLC v State of New York, 64 AD3d 944, 947 [2009]). Further, “the construction given statutes and regulations by the agency responsible for their administration will, if not irrational or unreasonable, be *728 upheld” (Matter of Johnson v Joy, 48 NY2d 689, 691 [1979]; see Matter of Lamar Cent. Outdoor, LLC v State of New York, 64 AD3d at 947). With that in mind, the relevant regulations here provide that after the Trust’s status as a group self-insured trust was terminated by the Board, the Trust was required to continue to administer its workers’ compensation liabilities (see 12 NYCRR former 317.20; see also Workers’ Compensation Law § 50). The regulations also authorized the Board to “assume the administration and final distribution of the [Trust’s] assets and liabilities” (12 NYCRR former 317.20). In that regard, the Trust was required to maintain assets in excess of its liabilities (see 12 NYCRR 317.9 [a]) and, thus, in the course of administering the Trust’s assets and liabilities, the Board was authorized to “immediately levy an assessment upon the group members ... in order to make up the deficiency” (12 NYCRR 317.9 [b] [7]).
Although petitioner was not a member of the Trust at the time that the assessment was levied, petitioner nevertheless remained jointly and severally liable for the liabilities of the Trust that were incurred during petitioner’s membership until such time that those liabilities were satisfied (see Workers’ Compensation Law § 50 [3-a] [former (2), (3)]).* This statutory mandate was explicitly articulated in the trust and indemnity agreements that petitioner accepted when it joined the Trust. The indemnity agreement further provided that petitioner was liable for its share of a deficiency assessment “for any Trust year or part thereof that [it] participated in the Trust,” which language the Board reasonably construed as meaning that petitioner could be assessed for the entire Trust deficiency in 2000. However, petitioner’s share of the Trust deficiency for that year was properly limited and was based only on its contributions to the Trust through October 14, 2000—the date on which petitioner left the Trust. Based on the foregoing, we cannot say that the imposition of the assessment was arbitrary and capricious or an abuse of the Board’s discretion.
Petitioner also contends that the amount of the assessment was unreasonable and excessive. However, the assessment amount is supported by detailed actuarial analysis, which properly took into account both the Trust’s known liabilities and claims “incurred but not reported” (12 NYCRR 317.2 [c]), and was calculated using a widely-accepted allocation methodology—none of which is challenged by petitioner.
*729 Finally, to the extent not specifically addressed herein, petitioner’s remaining contentions, including its claims that the assessment was unconstitutional and that the Board improperly failed to seek reimbursement pursuant to Workers’ Compensation Law § 50 (5) before issuing the assessment, have been considered and determined to be without merit.
Mercure, J.P., Peters, Spain and Kavanagh, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

 Workers’ Compensation Law § 50 (3-a) (3) was amended in 2008 to clarify that a member of a group self-insured trust remains jointly and severally liable for unpaid claims that accrued during the period of membership even after the member leaves the trust (see L 2008, ch 139, § 1).