■ In the Matter of TOWN OF ERWIN, Appellant, v STATE OF NEW YORK et al., Respondents. [914 NYS2d 778]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered February 11, 2010 in Albany County, which, among other things, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Acting Commissioner of Transportation transferring maintenance obligations for a highway to petitioner.

In 1997, respondent State of New York assumed jurisdiction for state highway purposes over a .6-mile stretch of State Route 417 (hereinafter the subject highway) located in the Town of Erwin, Steuben County (see L 1996, ch 521), which had previously been under petitioner's jurisdiction. In 2008, the Department of Transportation (hereinafter DOT) completed a nearby construction project designated as the I-86/US Route 15 Interchange, which eliminates the need for through traffic to access local roads, including the subject highway. Upon completion of the project, respondent Acting Commissioner of Transportation (hereinafter Commissioner) issued Official Order No. H2511 which, pursuant to Highway Law § 10 (25) and § 62, returned maintenance jurisdiction of the subject highway to petitioner. Petitioner thereafter commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking annulment of DOT's determination and a declaration that DOT lacked authority to effect the transfer.

Supreme Court, accepting respondents' argument that the subject highway is properly classified as a "frontage road," found that the Commissioner's determination to transfer maintenance jurisdiction to petitioner was both rational and within the Commissioner's legal authority. The court therefore dismissed the petition and issued a declaration in respondents' favor. Petitioner appeals.

Petitioner first contends that DOT acted without legal authority when it issued Official Order No. H2511. Specifically, petitioner argues that because maintenance jurisdiction over the subject highway was transferred to the State by legislative enactment, the Commissioner cannot transfer maintenance jurisdiction obligations back to petitioner without a similar legislative enactment. We do not agree. The statute which effected the

initial transfer to the State provided that the transfer would "be deemed to be an acquisition pursuant to [Highway Law § 30] for all subsequent purposes and uses" (L 1996, ch 521, § 2). Highway Law § 30 provides for the acquisition of property by eminent domain. It follows that the subject highway should be treated similarly to any other property acquired by DOT as "necessary for the construction, reconstruction and improvement of state highways" (Highway Law § 30 [2]). As such, we find that transfer of the subject property may be effected pursuant to the provisions of the Highway Law (compare *Sleepy Hollow Val. Comm. v McMorran*, 20 NY2d 190 [1967]).

With regard to the specific transfer herein, we note that Highway Law § 10 (25) authorizes the Commissioner "to plan, designate, construct, alter, improve and vacate frontage . . . roads, in connection with the development of any controlled access facility" and provides that when such work is completed, the frontage road "shall, if not determined by the commissioner of transportation to be a part of the state highway system, be maintained by the municipality . . . in which [it] is located." The State's Highway Design Manual defines frontage roads as:

"partially or uncontrolled access highways parallel to controlled access highways. Frontage roads:

- "Provide access to the adjoining property and local traffic circulation.

- "Segregate lower speed local traffic from higher speed through traffic.

- "Help preserve the safety and capacity of the controlled access highway byreducing or eliminating access points to the through highway . . .

"Frontage roads are generally local roads or streets. In most cases they should be turned over to the local unit of government for maintenance." (NY Dept of Transp Highway Design Manual § 5.7.17.)

Maps of the area in question, contained in the record, make clear that the subject highway runs parallel to US Route 15, which is a controlled access highway. The record also supports respondents' contention that the I-86/US Route 15 construction project resulted in through traffic being directed off of the subject highway, so that it is now used primarily by local traffic. Under these circumstances, we find that the subject highway can properly be classified as a frontage road and the Commissioner's determination to transfer maintenance jurisdiction to petitioner was not "arbitrary or capricious or an abuse of discre-

tion" (*Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 66 [1989]; *see* CPLR 7803 [3]; *Matter of Lamar Cent. Outdoor, LLC v State of New York*, 64 AD3d 944, 947 [2009]).

Petitioner's remaining contentions have been considered and, to the extent they are preserved, we find them to be unavailing.

Mercure, Malone Jr., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.